# EXHIBIT A

# CERTIFICATION AND AUTHORIZATION

I, Douglas C. Dalena, on behalf of the Office of the Treasurer as Trustee for the State of Connecticut Retirement Plans and Trust Funds ("Connecticut" or the "Funds"), hereby certify, as to the claims asserted under the federal securities laws, that:

1. I am the General Counsel of the Funds. I have reviewed a complaint filed against Generac Holdings Inc. ("Generac") alleging violations of the federal securities laws. I am authorized in my capacity as General Counsel of the Funds to execute this Certification on behalf of Connecticut. Connecticut has authorized Saxena White P.A. to file a motion for lead plaintiff appointment in this action or any related action.

2. Connecticut did not purchase the securities that are the subject of this action at the direction of counsel, or in order to participate in any action arising under the federal securities laws.

3. Connecticut is willing to serve as a representative party on behalf of the Class, including providing testimony at deposition and trial, if necessary.

4. Connecticut's transactions in Generac's common stock during the Class Period are set forth in the attached Schedule A.

5. Connecticut has sought to serve and was appointed as lead plaintiff and/or representative party on behalf of a class in the following actions under the federal securities laws filed during the three-year period preceding the date of this Certification: *None*

6. Connecticut has sought to serve as a lead plaintiff or representative party on behalf of a class in the following actions under the federal securities laws filed during the three-year period preceding the date of this Certification, but either withdrew its motion for lead plaintiff, was not appointed lead plaintiff, or the lead plaintiff decision is still pending:

   *Crews, Jr. v. Rivian Automotive, Inc.*, No. 2:22-cv-01524 (C.D. Cal.)

7. Connecticut will not accept any payment for serving as a representative party on behalf of the Class beyond Connecticut's pro rata share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the Class, as ordered or approved by the Court.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 26th day of January, 2023.

*The Office of the Treasurer as Trustee for the State*
*of Connecticut Retirement Plans and Trust Funds*

Douglas C. Dalena, General Counsel

## SCHEDULE A
### The State of Connecticut Retirement Plans and Trust Funds
### Transactions in Generac Holdings Inc.

| Common Stock Purchases | | | Common Stock Sales | | |
|---|---|---|---|---|---|
| **Date** | **Shares** | **Price** | **Date** | **Shares** | **Price** |
| 06/18/21 | 3 | $386.40 | 06/25/21 | 478 | $396.05 |
| 10/22/21 | 39 | $469.79 | 06/29/21 | 3,288 | $407.99 |
| 12/17/21 | 21 | $357.43 | 09/17/21 | 3 | $435.36 |
| 12/17/21 | 25 | $357.43 | 03/18/22 | 13 | $319.33 |
| 12/22/21 | 10 | $352.11 | 05/03/22 | 3,013 | $233.04 |
| 01/11/22 | 2,071 | $320.28 | 07/28/22 | 7,000 | $252.89 |
| 01/11/22 | 5,129 | $321.01 | 08/02/22 | 149 | $266.65 |
| 01/21/22 | 3,403 | $273.91 | | | |
| 01/21/22 | 6,297 | $277.10 | | | |
| 01/24/22 | 4,828 | $265.13 | | | |
| 01/24/22 | 72 | $266.43 | | | |
| 01/26/22 | 3,013 | $284.88 | | | |
| 02/16/22 | 563 | $309.82 | | | |
| 02/16/22 | 585 | $312.01 | | | |
| 02/16/22 | 3,652 | $313.19 | | | |
| 03/29/22 | 34 | $321.10 | | | |
| 04/27/22 | 5,200 | $233.39 | | | |
| 05/10/22 | 3,700 | $222.15 | | | |
| 05/31/22 | 22 | $249.15 | | | |
| 06/03/22 | 292 | $268.88 | | | |
| 06/03/22 | 4,155 | $271.05 | | | |
| 06/17/22 | 20 | $220.25 | | | |
| 06/24/22 | 210 | $224.55 | | | |
| 07/18/22 | 1,600 | $225.88 | | | |
| 08/24/22 | 2,553 | $243.13 | | | |
| 08/24/22 | 645 | $243.95 | | | |
| 09/16/22 | 15 | $200.17 | | | |
| 09/27/22 | 8,361 | $180.09 | | | |
| 09/27/22 | 1,127 | $180.22 | | | |
| 09/27/22 | 585 | $180.22 | | | |
| 10/12/22 | 11,489 | $148.48 | | | |

# CERTIFICATION

Industriens Pensionsforsikring A/S ("Industriens Pension" or "Plaintiff") declares, as to the claims asserted under the federal securities laws, that:

1. Plaintiff did not purchase the securities that are the subject of this action at the direction of Plaintiff's counsel or in order to participate in any private action.

2. Plaintiff is willing to serve as a representative party on behalf of the class, including providing testimony at deposition and trial, if necessary.

3. Plaintiff's Class Period purchase and sale transactions in Generac Holdings Inc. securities that are the subject of this action are attached in Schedule A.

4. Industriens Pension has full power and authority to bring suit to recover for the investment losses listed in the attached Schedule A.

5. Plaintiff has fully reviewed the facts and allegations of a complaint filed in this action and has authorized the filing of the motion for appointment as lead plaintiff on its behalf in this action.

6. I, Jan Østergaard, Head of Real Assets of Industriens Pension, am authorized to make legal decisions on its behalf.

7. Plaintiff intends to actively monitor and vigorously pursue this action for the benefit of the class.

8. Plaintiff will endeavor to provide fair and adequate representation and work directly with the efforts of class counsel to ensure that the largest recovery for the class consistent with good faith and meritorious judgment is obtained.

9. Plaintiff is currently serving as a representative party for a class action filed under the federal securities laws during the three years prior to the date of this Certification in *Industriens Pensionsforsikring A/S v. Becton, Dickinson & Co.*, No. 2:20-cv-02155 (D.N.J.).

10. Plaintiff has not otherwise sought to serve as a representative party for a class action filed under the federal securities laws during the three years prior to the date of this Certification.

11. Plaintiff will not accept any payment for serving as a representative party on behalf of the class beyond Plaintiff's pro rata share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the class as ordered or approved by the Court.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Executed this __25___ day of January 2023.

**Industriens Pensionsforsikring A/S**

By: _____

Jan Østergaard, Head of Real Assets

## SCHEDULE A

| Security | Buy/Sell | Date | Quantity | Price |
|---|---|---|---|---|
| Common Stock | Buy | 4/29/2021 | 200 | $328.66 |
| Common Stock | Buy | 4/29/2021 | 1,100 | $331.78 |
| Common Stock | Buy | 6/7/2021 | 2,300 | $329.05 |
| Common Stock | Buy | 6/30/2021 | 200 | $410.59 |
| Common Stock | Buy | 9/21/2021 | 300 | $421.83 |
| Common Stock | Buy | 12/23/2021 | 300 | $353.48 |
| Common Stock | Buy | 1/28/2022 | 625 | $259.87 |
| Common Stock | Buy | 1/28/2022 | 1,199 | $261.06 |
| Common Stock | Buy | 1/28/2022 | 1,276 | $256.49 |
| Common Stock | Buy | 3/28/2022 | 300 | $310.25 |
| Common Stock | Buy | 5/9/2022 | 400 | $228.97 |
| Common Stock | Buy | 5/19/2022 | 432 | $220.82 |
| Common Stock | Buy | 5/20/2022 | 372 | $221.48 |
| Common Stock | Buy | 5/20/2022 | 96 | $226.42 |
| Common Stock | Buy | 6/17/2022 | 500 | $219.67 |
| Common Stock | Sell | 10/19/2022 | 721 | $120.58 |
| Common Stock | Sell | 10/19/2022 | 1,009 | $120.48 |
| Common Stock | Sell | 10/19/2022 | 5,810 | $118.54 |
| Common Stock | Sell | 10/19/2022 | 1,740 | $115.37 |
| Common Stock | Sell | 10/19/2022 | 2,320 | $115.06 |
| Common Stock | Sell | 10/20/2022 | 8,293 | $111.43 |
| Common Stock | Sell | 10/20/2022 | 1,463 | $107.20 |

# CERTIFICATION

Storebrand Asset Management AS ("Storebrand" or "Plaintiff") declares, as to the claims asserted under the federal securities laws, that:

1. Plaintiff did not purchase the securities that are the subject of this action at the direction of Plaintiff's counsel or in order to participate in any private action.

2. Plaintiff is willing to serve as a representative party on behalf of the class, including providing testimony at deposition and trial, if necessary.

3. Plaintiff's Class Period purchase and sale transactions in Generac Holdings Inc. securities that are the subject of this action are attached in Schedule A.

4. Storebrand has full power and authority to bring suit to recover for its investment losses.[1]

5. Plaintiff has fully reviewed the facts and allegations of a complaint filed in this action and has authorized the filing of the motion for appointment as lead plaintiff on its behalf in this action.

6. I, Bård Bringedal, Chief Investment Officer - Equities, am authorized to make legal decisions on behalf of Storebrand.

7. Plaintiff intends to actively monitor and vigorously pursue this action for the benefit of the class.

8. Plaintiff will endeavor to provide fair and adequate representation and work directly with the efforts of class counsel to ensure that the largest recovery for the class

---

[1] Storebrand has received assignments of claims from Storebrand Global Indeks, Storebrand Indeks – Alle Markeder, and Storebrand Fonder AB, on behalf of SPP Generation 40-tal, SPP Generation 50-tal, SPP Generation 60-tal, SPP Generation 70-tal, SPP Generation 80-tal, Storebrand Global All Countries, Storebrand Global Plus, Storebrand USA, and Storebrand USA Plus (collectively, the "Storebrand Fonder Funds"). As the fund company for the Storebrand Fonder Funds (which are not legal entities), Storebrand Fonder AB represents the Storebrand Fonder Funds in all legal and financial matters.

consistent with good faith and meritorious judgment is obtained.

9. Plaintiff has neither served nor sought to serve as a representative party for a class action filed under the federal securities laws during the three years prior to the date of this Certification.

10. Plaintiff will not accept any payment for serving as a representative party on behalf of the class beyond Plaintiff's pro rata share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the class as ordered or approved by the Court.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Executed this __26th__ day of January 2023.

**Storebrand Asset Management AS**


By: *Bård Bringedal*
Bård Bringedal
*Chief Investment Officer - Equities*

## SCHEDULE A

**SPP Generation 40-tal**

| Security | Buy/Sell | Date | Quantity | Price |
|---|---|---|---|---|
| Common Stock | Buy | 6/29/2022 | 144 | $213.32 |

**SPP Generation 50-tal**

| Security | Buy/Sell | Date | Quantity | Price |
|---|---|---|---|---|
| Common Stock | Buy | 6/29/2022 | 773 | $213.32 |

**SPP Generation 60-tal**

| Security | Buy/Sell | Date | Quantity | Price |
|---|---|---|---|---|
| Common Stock | Buy | 6/30/2022 | 1,842 | $210.69 |

**SPP Generation 70-tal**

| Security | Buy/Sell | Date | Quantity | Price |
|---|---|---|---|---|
| Common Stock | Buy | 6/30/2022 | 1,348 | $210.69 |

**SPP Generation 80-tal**

| Security | Buy/Sell | Date | Quantity | Price |
|---|---|---|---|---|
| Common Stock | Buy | 1/7/2022 | 179 | $316.55 |
| Common Stock | Buy | 6/30/2022 | 271 | $210.69 |

**Storebrand Global All Countries**

| Security | Buy/Sell | Date | Quantity | Price |
|---|---|---|---|---|
| Common Stock | Buy | 12/6/2021 | 799 | $366.68 |
| Common Stock | Buy | 6/29/2022 | 4,426 | $213.32 |
| Common Stock | Buy | 8/5/2022 | 1,865 | $248.13 |

**Storebrand Global Indeks**

| Security | Buy/Sell | Date | Quantity | Price |
|---|---|---|---|---|
| Common Stock | Buy | 7/9/2021 | 266 | $436.37 |
| Common Stock | Buy | 12/15/2021 | 161 | $355.57 |
| Common Stock | Buy | 12/27/2021 | 274 | $352.08 |
| Common Stock | Buy | 12/29/2021 | 65 | $346.93 |
| Common Stock | Buy | 3/16/2022 | 200 | $305.46 |
| Common Stock | Sell | 9/28/2022 | 347 | $187.37 |

**Storebrand Global Plus**

| Security | Buy/Sell | Date | Quantity | Price |
|---|---|---|---|---|
| Common Stock | Buy | 4/6/2022 | 7,150 | $300.08 |

**Storebrand Indeks – Alle Markeder**

| Security | Buy/Sell | Date | Quantity | Price |
|---|---|---|---|---|
| Common Stock | Buy | 1/3/2022 | 161 | $347.91 |

**Storebrand USA**

| Security | Buy/Sell | Date | Quantity | Price |
|---|---|---|---|---|
| Common Stock | Buy | 11/19/2021 | 728 | $434.25 |
| Common Stock | Buy | 12/1/2021 | 1,937 | $403.57 |
| Common Stock | Buy | 12/3/2021 | 2,079 | $385.56 |
| Common Stock | Buy | 12/6/2021 | 2,907 | $366.68 |
| Common Stock | Buy | 6/29/2022 | 6,389 | $213.32 |
| Common Stock | Sell | 7/12/2021 | 267 | $448.15 |
| Common Stock | Sell | 7/16/2021 | 1,166 | $430.34 |
| Common Stock | Sell | 7/20/2021 | 586 | $436.42 |
| Common Stock | Sell | 8/13/2021 | 2,259 | $414.10 |
| Common Stock | Sell | 12/17/2021 | 637 | $357.43 |
| Common Stock | Sell | 2/25/2022 | 1,682 | $316.56 |
| Common Stock | Sell | 2/28/2022 | 1,045 | $315.47 |

**Storebrand USA Plus**

| Security | Buy/Sell | Date | Quantity | Price |
|---|---|---|---|---|
| Common Stock | Buy | 3/14/2022 | 1,089 | $275.94 |
| Common Stock | Buy | 3/18/2022 | 885 | $319.33 |
| Common Stock | Buy | 3/23/2022 | 1,852 | $317.49 |
| Common Stock | Sell | 5/25/2022 | 551 | $231.22 |
| Common Stock | Sell | 10/19/2022 | 2,832 | $110.30 |

# ASSIGNMENT OF CLAIMS AND POWER OF ATTORNEY

**KNOW ALL PERSONS BY THESE PRESENTS** that Storebrand Fonder AB ("Storebrand Fonder") hereby assigns, transfers, and sets over to Storebrand Asset Management AS ("Storebrand Asset Management") for purposes of prosecution and collection, all rights, titles, and interests in the claims, demands, or causes of action against any defendant relating to transactions by Storebrand Fonder's funds (the "Funds")[1] in any security issued by Generac Holdings Inc. ("Generac" or the "Company") (hereinafter the "Generac Related Claims").[2]

This Assignment and Power of Attorney is intended to be a complete transfer to Storebrand Asset Management of any claims Storebrand Fonder has (or had) with respect to the Generac Related Claims for purposes of prosecution and collection.

A.    Storebrand Fonder hereby appoints Storebrand Asset Management as its true and lawful attorney-in-fact for the purpose of exercising the following powers:

1.    To do all acts necessary for the purpose of prosecution and collection of Storebrand Fonder's claims, demands, or causes of action, against any defendant relating to the Generac Related Claims;

2.    To file and/or continue the prosecution of a lawsuit pursuant to the provisions of, *inter alia*, the Private Securities Litigation Reform Act of 1995 ("PSLRA"), for purposes of prosecuting claims pursuant to, *inter alia*, the Securities Act of 1933, the Securities Exchange Act of 1934, and/or any other causes of action arising under federal or state law, in the Generac Actions, or any other related action;

3.    To enter into any discussions or other activities on behalf of Storebrand Fonder in connection with attempting to resolve the Generac Related Claims, including, without limitation, selecting and retaining legal counsel, filing and prosecuting court or regulatory proceedings in Storebrand Fonder's interests in any federal or state court or regulatory proceeding and/or to organize with other plaintiffs to prosecute said claims; and

4.    To sign, on behalf of Storebrand Fonder, settlement agreements, releases, or other documents relating to the prosecution and/or settlement of the Generac Related Claims. Storebrand Fonder hereby agrees to be bound by any settlement,

---

[1]    Storebrand Fonder's Funds include: SPP Generation 40-tal; SPP Generation 50-tal; SPP Generation 60-tal; SPP Generation 70-tal; SPP Generation 80-tal; Storebrand Global All Countries; Storebrand Global Plus; Storebrand USA; and Storebrand USA Plus. As the fund company for the Funds (which are not legal entities), Storebrand Fonder represents the Funds in all legal and financial matters.

[2]    This Assignment of Claims and Power of Attorney is intended to permit Storebrand Asset Management to prosecute claims, as a named plaintiff and/or lead plaintiff in *Oakland County Voluntary Employees' Beneficiary Association v. Generac Holdings Inc.,* No. 2:22-cv-01436 (E.D. Wis.), *California Ironworkers Field Pension Trust v. Generac Holdings Inc.*, No. 2:23-cv-00081 (E.D. Wis.), and/or in any other actions related thereto (the "Generac Actions").

1

compromise, or release reached by Storebrand Asset Management on Storebrand Fonder's behalf and that any document executed in connection with any such settlement, compromise, or release by Storebrand Asset Management on behalf of Storebrand Fonder shall be binding on Storebrand Fonder.

B.  Storebrand Fonder specifically acknowledges and confirms that no person or entity who shall pay to Storebrand Asset Management amounts owed to Storebrand Fonder relating in any way to the Generac Related Claims shall be liable to Storebrand Fonder to the extent of any amounts so paid, unless the person or entity making such payment has actual knowledge that the authority granted to Storebrand Asset Management by this Assignment of Claims and Power of Attorney has been properly revoked.

C.  This Assignment of Claims and Power of Attorney may not be revoked without the written consent of Storebrand Asset Management.

D.  Any actions taken by Storebrand Asset Management on behalf of Storebrand Fonder prior to the date of this Assignment of Claims and Power of Attorney are hereby ratified and given the same force as if they were taken after the effective date of this Assignment of Claims and Power of Attorney. Storebrand Fonder agrees to be bound by any decisions made by Storebrand Asset Management on behalf of Storebrand Fonder with respect to any issues relating to the Generac Related Claims or prosecution of claims asserted in the Generac Actions, or any related actions, both before and after the date of this Assignment of Claims and Power of Attorney.

E.  Storebrand Fonder hereby agrees to be bound by any determinations (final or otherwise) issued by any court or regulatory body relating to the Generac Related Claims being prosecuted by Storebrand Asset Management.

F.  Storebrand Fonder represents and warrants that it has not made any prior assignments of the rights, title, and interest of the securities that are the subject of this Assignment of Claims and Power of Attorney.

G.  This Assignment of Claims and Power of Attorney shall be interpreted and governed by the laws of the State of New York.

Storebrand Fonder has caused this Assignment of Claims and Power of Attorney to be executed and delivered by duly authorized representatives of Storebrand Fonder, to be effective upon execution.

**On Behalf of Storebrand Asset Management AS:**

_____
Per Taalesen
Director
Executed January 24th, 2023

2

**On Behalf of Storebrand Fonder AB:**

_____

Åsa Wallenberg
CEO, Storebrand Fonder AB
Executed January 24th, 2023

3

# ASSIGNMENT OF CLAIMS AND POWER OF ATTORNEY

**KNOW ALL PERSONS BY THESE PRESENTS** that Storebrand Global Indeks and Storebrand Indeks – Alle Markeder (collectively, the "Funds") hereby assign, transfer, and set over to Storebrand Asset Management AS ("Storebrand Asset Management") for purposes of prosecution and collection, all rights, titles, and interests in the claims, demands, or causes of action against any defendant relating to transactions by the Funds in any security issued by Generac Holdings Inc. ("Generac" or the "Company") (hereinafter the "Generac Related Claims").[1]

This Assignment and Power of Attorney is intended to be a complete transfer to Storebrand Asset Management of any claims the Funds have (or had) with respect to the Generac Related Claims for purposes of prosecution and collection.

A.      The Funds hereby appoint Storebrand Asset Management as their true and lawful attorney-in-fact for the purpose of exercising the following powers:

1.      To do all acts necessary for the purpose of prosecution and collection of the Funds' claims, demands, or causes of action, against any defendant relating to the Generac Related Claims;

2.      To file and/or continue the prosecution of a lawsuit pursuant to the provisions of, *inter alia*, the Private Securities Litigation Reform Act of 1995 ("PSLRA"), for purposes of prosecuting claims pursuant to, *inter alia*, the Securities Act of 1933, the Securities Exchange Act of 1934, and/or any other causes of action arising under federal or state law, in the Generac Actions, or any other related action;

3.      To enter into any discussions or other activities on behalf of the Funds in connection with attempting to resolve the Generac Related Claims, including, without limitation, selecting and retaining legal counsel, filing and prosecuting court or regulatory proceedings in the Funds' interests in any federal or state court or regulatory proceeding and/or to organize with other plaintiffs to prosecute said claims; and

4.      To sign, on behalf of the Funds, settlement agreements, releases, or other documents relating to the prosecution and/or settlement of the Generac Related Claims. The Funds hereby agree to be bound by any settlement, compromise, or release reached by Storebrand Asset Management on the Funds' behalf and that any document executed in connection with any such settlement, compromise, or release by Storebrand Asset Management on behalf of the Funds shall be binding on the Funds.

---

[1]    This Assignment of Claims and Power of Attorney is intended to permit Storebrand Asset Management to prosecute claims, as a named plaintiff and/or lead plaintiff in *Oakland County Voluntary Employees' Beneficiary Association v. Generac Holdings Inc.,* No. 2:22-cv-01436 (E.D. Wis.), *California Ironworkers Field Pension Trust v. Generac Holdings Inc.*, No. 2:23-cv-00081 (E.D. Wis.), and/or in any other actions related thereto (the "Generac Actions").

1

B.      The Funds specifically acknowledge and confirm that no person or entity who shall pay to Storebrand Asset Management amounts owed to the Funds relating in any way to the Generac Related Claims shall be liable to the Funds to the extent of any amounts so paid, unless the person or entity making such payment has actual knowledge that the authority granted to Storebrand Asset Management by this Assignment of Claims and Power of Attorney has been properly revoked.

C.      This Assignment of Claims and Power of Attorney may not be revoked without the written consent of Storebrand Asset Management.

D.      Any actions taken by Storebrand Asset Management on behalf of the Funds prior to the date of this Assignment of Claims and Power of Attorney are hereby ratified and given the same force as if they were taken after the effective date of this Assignment of Claims and Power of Attorney.  The Funds agree to be bound by any decisions made by Storebrand Asset Management on behalf of the Funds with respect to any issues relating to the Generac Related Claims or prosecution of claims asserted in the Generac Actions, or any related actions, both before and after the date of this Assignment of Claims and Power of Attorney.

E.      The Funds hereby agree to be bound by any determinations (final or otherwise) issued by any court or regulatory body relating to the Generac Related Claims being prosecuted by Storebrand Asset Management.

F.      The Funds represent and warrant that the Funds have not made any prior assignments of the rights, title, and interest of the securities that are the subject of this Assignment of Claims and Power of Attorney.

G.      This Assignment of Claims and Power of Attorney shall be interpreted and governed by the laws of the State of New York.

The Funds have caused this Assignment of Claims and Power of Attorney to be executed and delivered by duly authorized representatives of the Funds, to be effective upon execution.

**On Behalf of Storebrand Asset Management AS:**

_____
Per Taalesen
Director
Executed January 26th, 2023

2

**On Behalf of Storebrand Global Indeks:**


_Bård Bringedal_
Bård Bringedal
Chief Investment Officer
Executed January 26th, 2023


**On Behalf of Storebrand Indeks – Alle Markeder:**


_Bård Bringedal_
Bård Bringedal
Chief Investment Officer
Executed January 26th, 2023

3