# EXHIBIT C

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN
## MILWAUKEE DIVISION

| | |
|---|---|
| OAKLAND COUNTY VOLUNTARY EMPLOYEES' BENEFICIARY ASSOCIATION, and OAKLAND COUNTY EMPLOYEES' RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>                    Plaintiffs,<br>          v.<br><br>GENERAC HOLDINGS INC., AARON JAGDFELD, and YORK A. RAGEN,<br><br>                    Defendants. | Case No. 2:22-cv-1436 (BHL)<br><br>Hon. Brett H. Ludwig<br><br><u>CLASS ACTION</u> |
| CALIFORNIA IRONWORKERS FIELD PENSION TRUST, Individually and on Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br>          v.<br><br>GENERAC HOLDINGS INC., AARON JAGDFELD, and YORK A. RAGEN,<br><br>                    Defendants. | Case No. 2:23-cv-0081 (BHL)<br><br>Hon. Brett H. Ludwig<br><br><u>CLASS ACTION</u> |

**JOINT DECLARATION OF DOUGLAS C. DALENA, UFFE BERG, AND BÅRD BRINGEDAL IN SUPPORT OF THE MOTION OF THE OFFICE OF THE TREASURER AS TRUSTEE FOR THE CONNECTICUT RETIREMENT PLANS AND TRUST FUNDS, INDUSTRIENS PENSIONSFORSIKRING A/S, AND STOREBRAND ASSET MANAGEMENT AS FOR CONSOLIDATION, APPOINTMENT AS <u>LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL</u>**

We, Douglas C. Dalena, Uffe Berg, and Bård Bringedal, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1.      We respectfully submit this Joint Declaration in support of the motion of the Office of the Treasurer as Trustee for the Connecticut Retirement Plans and Trust Funds ("Connecticut"), Industriens Pensionsforsikring A/S ("Industriens"), and Storebrand Asset Management AS ("Storebrand"), collectively, the "Institutional Investor Group," for consolidation, appointment as Lead Plaintiff, and approval of the Institutional Investor Group's selection of Saxena White P.A. ("Saxena White") and Kessler Topaz Meltzer & Check, LLP ("Kessler Topaz") to serve as Lead Counsel for the proposed class in the securities class action litigation (the "Litigation") against Generac Holdings Inc. ("Generac" or the "Company") and certain of the Company's senior executives (collectively, "Defendants").  We are aware that the Litigation is brought on behalf of all investors who purchased or otherwise acquired Generac common stock (the "Class") between April 29, 2021, and November 1, 2022, inclusive (the "Class Period").  We are informed of and understand the requirements and duties imposed by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), including the selection and retention of counsel and overseeing the prosecution of the litigation.  We each have personal knowledge of the information in this Joint Declaration to the extent it concerns the institution with which we are respectively associated.

2.      I, Douglas C. Dalena, am General Counsel, and am authorized to make this declaration on behalf of Connecticut.  Based in Hartford, Connecticut, Connecticut is a defined benefit public pension fund that provides pension and other benefits for state and municipal employees, teachers, retirees, and survivors who are pension plan participants and beneficiaries. Connecticut manages $47.8 billion in net assets, for the benefit of its approximately 300,000 active

and retired participants. As reflected in its certification, Connecticut suffered a substantial loss as a result of its investments in Generac common stock during the Class Period.

3. I, Uffe Berg, am the Chief Legal Consultant of Industriens and am authorized to make this declaration on behalf of Industriens. Based in Copenhagen, Denmark, Industriens provides retirement, disability, critical disease, and death benefits for approximately 400,000 Danish industrial employees belonging to the Confederation of Danish Industries and the Central Organisation of Industrial Employees in Denmark. As of December 2022, Industriens had approximately $31.5 billion in assets under management. As reflected in its certification, Industriens suffered a substantial loss as a result of its investments in Generac common stock during the Class Period.

4. I, Bård Bringedal, am the Chief Investment Officer – Equities of Storebrand and am authorized to make this declaration on behalf of Storebrand. Based in Lysaker, Norway, Storebrand is a leading Nordic asset manager that provides, among other things, equity, fixed income, and private equity funds. As of September 2022, Storebrand had approximately $100 billion in assets under management. As reflected in its certification, Storebrand suffered a substantial loss as a result of its investments in Generac common stock during the Class Period.

5. The Institutional Investor Group is composed of sophisticated institutional investors that collectively oversee approximately $180 billion in assets and understand, appreciate, and accept the duties and fiduciary responsibilities with which a lead plaintiff is charged under the PSLRA. Our familiarity with the PSLRA's requirements is informed by, among other things, our experience seeking appointment and/or serving as lead plaintiff or co-lead plaintiff in securities fraud class actions. For example, Connecticut's prior service as lead plaintiff has resulted in outstanding results for investors as Connecticut has recovered more than $550 million for

2

investors. *See In re Amgen, Inc. Sec. Litig.*, No. 2:07-cv-2536-PSG (C.D. Cal.) (achieving $95 million recovery); and *In re Waste Mgmt., Inc. Sec. Litig.*, No. 4:99-cv-02183-MH (S.D. Tex.) (securing $457 million recovery). Similarly, Industriens's leadership in securities class actions under the PSLRA has resulted in tremendous results for investors as Industriens has recovered more than $145 million for fellow class members. *See Washtenaw Cty. Emps' Ret. Sys. v. Walgreen Co.*, No. 1:15-cv-03187 (N.D. Ill.) (securing $105 million recovery); *In re NII Holdings Inc. Sec. Litig.*, No. 1:14-cv-00227-LMB (E.D. Va.) (securing $41.5 million recovery as a member of a lead plaintiff group). In addition to these actions, Industriens is currently prosecuting claims in *Industriens Pensionsforsikring A/S v. Becton, Dickinson & Co.*, No. 220CV02155SRCCLW, (D.N.J.), wherein Industriens recently successfully defeated, in part, defendants' motion to dismiss investors' claims. Storebrand is also fully aware of its obligations under the PSLRA having previously sought appointment as lead plaintiff.

6. The members of the Institutional Investor Group are highly motivated to recover the substantial losses that they incurred as a result of Defendants' violations of the federal securities laws. Accordingly, we believe that this case should be prosecuted by sophisticated institutional investors with significant resources, experience leading class action lawsuits under the PSLRA, and a financial interest substantial enough to ensure the claims are litigated vigorously, efficiently, and in the best interests of the Class. The Institutional Investor Group's primary goal in this litigation is to maximize the Class's recovery from all potentially culpable parties.

7. Connecticut, Industriens, and Storebrand each independently determined that they could maximize the Class's recovery by seeking appointment as Lead Plaintiff in this case. The members of the Institutional Investor Group reached that determination based on our institutions'

investments in Generac stock during the Class Period, ability to share and combine resources and ensure the Class receives the best possible representation, and our institutions' perspectives as fiduciaries to our respective stakeholders, and shared goals and interests in protecting and maximizing our funds' assets and enhancing the reliability of information disseminated by publicly traded corporations. After analyzing the merits of the claims against Defendants, the respective losses incurred that arise from Defendants' alleged misconduct, and consulting with counsel, the Institutional Investor Group approved the filing of a joint motion for Lead Plaintiff appointment.

8. Each member of the Institutional Investor Group agrees that their partnership is well suited for the Litigation and will further the interests of the Class. Indeed, Industriens' prior experience working with other institutional investors in actions pursuant to the PSLRA demonstrates that a cohesive pairing of sophisticated fiduciaries informed by diverse perspectives has a positive effect on the quality of the representation provided to class members, especially in complex actions such as this one. The Institutional Investor Group is aware that the PSLRA and courts throughout the country, including this District, endorse groups serving as lead plaintiff when they are able to effectively oversee counsel in an independent manner and demonstrate that they will vigorously prosecute an action in the best interests of absent class members. The Institutional Investor Group is committed to prosecuting the Litigation against Defendants in such an independent, efficient, and vigorous manner.

9. Prior to seeking appointment as Lead Plaintiff, Connecticut, Industriens, and Storebrand convened a conference call to discuss our commitment to jointly prosecuting the Litigation. During the call, the members of the Institutional Investor Group discussed, among other things: the facts and the merits of the claims against Defendants; the losses arising from Defendants' misconduct; the lead plaintiff process; the benefits of working together to prosecute

4

the Litigation in a collaborative and cohesive matter; and our strategy to jointly prosecute the Litigation to achieve our shared goal of maximizing the outcome for all Class members.

10. We intend to share our perspectives, experiences, and resources to direct the Litigation, as we have done in other cases. To that end, we discussed with each other the importance of joint decision-making and maintaining communication that will enable each of us to confer, with or without counsel, via telephone and/or email on short notice to ensure that we are able to make timely decisions. We have exchanged direct contact information with each other so that we can communicate with or without counsel. The members of the Institutional Investor Group each have staff capable of overseeing this matter that are available to confer via telephone and/or email to ensure that the Group is able to make timely decisions.

11. Through our discussions, we determined that the members of the Institutional Investor Group are like-minded, sophisticated institutional investors that are aligned in our objective to work collaboratively to maximize the recovery for investors through this Litigation. Based on our experience and given our shared goal of achieving the best possible recovery for the Class, we do not envision having any disagreement that could not be resolved through discussion with each other and our counsel.

12. We recognize the importance of selecting qualified counsel to prosecute the Litigation in a cost-effective manner on behalf of the Class. With respect to our selected counsel, we believe that the Class will benefit from having two law firms experienced in litigating securities class actions successfully as Lead Counsel. Our close working relationships with Saxena White and Kessler Topaz ensure the Class will be provided with the best possible representation. Additionally, we have each entered into highly competitive retainer agreements with counsel. We

5

have authorized counsel to provide our retainer agreements for *in camera* review should the Court deem such a review necessary.

13. We are aware of the respective experience, resources, and success of Saxena White and Kessler Topaz in prosecuting securities class actions. For example, we have been advised that Saxena White has achieved significant monetary recoveries for injured investors as lead and co-lead counsel in cases such as *In re Wilmington Trust Securities Litigation*, No. 10-cv-990 (D. Del.) ($210 million recovery); *Peace Officers Annuity and Benefit Fund of Georgia v. DaVita Inc.*, No. 1:17-cv-00304-WJM (D. Colo.) ($135 million recovery); and *Central Laborers' Pension Fund v. Sirva, Inc.*, No. 1:04-cv-07644 (N.D. Ill.) ($53.3 million recovery). Likewise, we have been advised that Kessler Topaz has secured significant recoveries for injured investors while serving as lead and co-lead counsel in *In re Tyco International, Ltd. Securities Litigation*, No. 02-md-1335 (PB) (D.N.H.) ($3.2 billion recovery); *In re Bank of America Corp. Securities, Derivative, & Employee Retirement Income Security Act (ERISA) Litigation*, No. 09-md-2058 (PKC) (S.D.N.Y.) ($2.425 billion recovery); *In re Wachovia Preferred Securities & Bond/Notes Litigation*, No. 09-cv-6351 (RJS) (S.D.N.Y.) ($627 million recovery); and *In re Lehman Brothers Equity/Debt Securities Litigation*, No. 08-cv-5523 (LAK) (S.D.N.Y.) ($615 million recovery). We understand that Saxena White and Kessler Topaz also have experience jointly developing, prosecuting, and resolving claims under the PSLRA. *See In re Apache Corp. Sec. Litig.*, No. 4:21-cv-00575 (S.D. Tex.) (jointly developing and advancing securities fraud claims that have survived defendants' motion to dismiss in their entirety); *In re SADIA, S.A. Sec. Litig*, No. 08-CV-09528 (SAS) (S.D.N.Y.) (jointly prosecuting claims resulting in a $27 million settlement).

14. We have further been advised that counsel has been thoroughly investigating investors' claims for several weeks and has already interviewed dozens of former Generac

6

employees with potentially relevant information that may be included in an amended complaint. We have instructed Saxena White and Kessler Topaz to continue with their investigation while the Court assesses movants' lead plaintiff applications.

15. We have also directed Saxena White and Kessler Topaz to advise us as to all material developments during the litigation, including during the lead plaintiff motion process. We will continue to direct counsel and actively oversee the prosecution of the Litigation for the benefit of the Class by, among other things, reviewing and authorizing the filing of pleadings, conferring amongst ourselves, and attending court proceedings, depositions, settlement mediations, and hearings as needed. Through our oversight, we fully believe that Saxena White and Kessler Topaz will prosecute this Litigation in a zealous and efficient manner and in the best interests of all members of the Class as Lead Counsel.

16. In sum, the Institutional Investor Group is committed to ensuring that the Class receives the best possible outcome from this litigation.


**[REMAINDER INTENTIONALLY BLANK]**


7

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this _27_ day of January, 2023.

*Office of the Treasurer as Trustee for the Connecticut Retirement Plans and Trust Funds*

_____
Douglas C. Dalena, General Counsel

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 30 day of January, 2023.

*Industriens Pensionsforsikring A/S*

Uffe Berg, Chief Legal Consultant

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 27th day of January, 2023.

*Storebrand Asset Management AS*

*Bård Bringedal*

Bård Bringedal, Chief Investment Officer – Equities