# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| OAKLAND COUNTY VOLUNTARY EMPLOYEES' BENEFICIARY ASSOCIATION, and OAKLAND COUNTY EMPLOYEES' RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>GENERAC HOLDINGS INC., AARON JAGDFELD, and YORK A. RAGEN,<br><br>Defendants. | Case No.: 2:22-cv-01436-BHL |
| CALIFORNIA IRONWORKERS FIELD PENSION TRUST, on Behalf of Itself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>GENERAC HOLDINGS INC., AARON JAGDFELD, and YORK A. RAGEN,<br><br>Defendants. | Case No.: 2:23-cv-00081-BHL |

**REPLY IN SUPPORT OF LEAD PLAINTIFF MOTION OF THE CITY PENSION FUND FOR FIREFIGHTERS AND POLICE OFFICERS IN THE CITY OF TAMPA**

Lead Plaintiff Movants Andrew and Cheryl Kujawiak ("Movants"), by and through their undersigned attorneys, file this reply in further support of the motion for appointment as lead

1

plaintiff by The City Pension Fund For Firefighters And Police Officers In The City Of Tampa ("Tampa").

There is a dispute in the instant two actions between lead plaintiff movant Institutional Investor Group ("IIG") and lead plaintiff movant Tampa as to whether there are three partial disclosures as claimed by IIG or four partial disclosures as claimed by Tampa. The four alleged partial disclosures are: (1) November 2, 2021, (2) August 1, 2022, (3) October 19, 2022 and (4) November 2, 2022. The November 2, 2021 disclosure is asserted in the complaint filed by the California Ironworkers Field Pension Trust in *California Ironworkers Field Pension Trust v. Generac Holdings Inc. et al.*, Case No. 2:23-cv-0081 (BHL) on January 20, 2023 (Dkt. No. 1., ¶¶ 52 and 53, based on previous ¶¶ 42 to ¶50) ("*California Ironworkers* Complaint.)"

Both IIG and Tampa, like Movants, agree that the two different actions should be consolidated and both agree that the class period should run from April 29, 2021 to November 1, 2022.

Case law is clear that a lead plaintiff motion is not the stage of the action at which the proposed class period should be proscribed or findings of fact made as to which alleged partial disclosures should be allowed to calculate the ultimate damages suffered by the Class or whether causation is proven as to each partial disclosure. *See*, *e.g.*, *Plumbers & Pipefitters Local 562 Pension Fund v. MGIC Inv. Corp.*, 256 F.R.D. 620, 624-625 (E.D. Wis 2009). In *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336 (2005), the Supreme Court required that Plaintiff's operative complaint allege a causal connection between an alleged material misrepresentation and a plaintiff's loss in order to demonstrate loss causation. *Id*. at 342. Plaintiff must allege, in some fashion, that "'facts … [became] generally known' and 'as a result' share value 'depreciate[d].'" *Id*. at 344 (internal citations omitted). The Court cautioned however, that this requirement was "not

meant to impose a great burden upon a plaintiff." *Id*. at 347. A plaintiff must only provide a defendant with "some indication of the loss and the causal connection that the plaintiff has in mind." *Id*.

Because this is a case involving multiple partial disclosures, *Dura* itself recognized that a plaintiff's economic loss may occur as the "relevant truth begins to leak out." *Id*. at 342. Here, the complaint filed by the California Ironworkers clearly alleges that the "relevant truth" began to "leak out" in a chain of partial disclosures starting on November 2, 2021.

Loss causation "does not require full disclosure and can be established by partial disclosure during the class period which causes the price of shares to decline." *Montoya v. Mamma.com Inc.*, No. 05 Civ. 2313(HB), 2005 WL 1278097, at *2 (S.D.N.Y. May 31, 2005) (emphasis omitted).

Indeed, "where a putative lead plaintiff sold all its shares after a partial disclosure of misconduct by the defendant but before the final disclosure that led to the lawsuit, that putative lead plaintiff does not face the unique defense of having to show loss causation to the extent that it cannot serve as lead plaintiff." *Juliar v. SunOpta, Inc.*, Nos. 08 Civ. 933(PAC), 2009 U.S. Dist. LEXIS 58118, at *7-8 (S.D.N.Y. Jan. 30, 2009) (appointing institutional investor who sold shares after partial disclosure as lead plaintiff).

IIG implies in its brief in support of its appointment as lead counsel (Dkt. No. 26), in footnote 8 that Movants are indifferent to the November 2, 2021 partial disclosure because Movants did not mention it in their opening motion. This is not an accurate recitation of Movants' position. Movants used the entire proposed class period and all four alleged partial disclosures to calculate the losses they suffered. Movants' losses were submitted with their initial motion through their certifications and their loss chart. *See California Ironworkers Field Pension Trust v. Generac Holdings Inc. et al.*, Case No. 2:23-cv-0081 (BHL), Dkt. No. 6-2 and 6-3.

An analysis of Movants' trades shows that the vast majority of Movants' losses follow from sales after the first alleged November 2, 2021 partial disclosure. Sales after November 2, 2021 (first partial disclosure) but before August 1, 2022 (second partial disclosure) accounted for 95% of Andrew Kujawiak's losses and 97% of Cheryl Kujawiak's losses. A review of the complaint filed by the California Ironworkers shows that there was a third quarter earnings miss announced November 2, 2021, which partial disclosure caused the stock price to drop. *California Ironworkers* Complaint, Dkt. No. 1, at ¶ 10.

Accordingly, it is premature at this stage of the litigation to limit the scope of the alleged partial disclosures or for IIG to unilaterally attempt to curtail damages that the entire Class is entitled to pursue.

Dated: March 7, 2023

<div style="margin-left: 45%;">

Respectfully submitted,

**ATTOLLES LAW, S.C.**

By: */s/ K. Scott Wagner*_____
    K. Scott Wagner
    222 E Erie Street
    Suite 210
    Milwaukee, WI 53202
    Telephone: (414) 254-7526
    Email: swagner@attolles.com

</div>

4

**GAINEY McKENNA & EGLESTON**
Gregory M. Egleston
Thomas J. McKenna
501 Fifth Avenue, 19th Floor
New York, NY 10017
Telephone: (212) 983-1300
Email: gegleston@gme-law.com
Email: tjmckenna@gme-law.com

*Counsel for Movants Kujawiak*

5

## <u>CERTIFICATION OF SERVICE</u>

I, the undersigned say:

I am not a party to the above case and am over eighteen years old.

On March 7, 2023, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Eastern District of Wisconsin, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on March 7, 2023, at Milwaukee, Wisconsin.

*/s/ K. Scott Wagner*
K. Scott Wagner

6