# Exhibit G

 **SETTERWALLS**

**Legal opinion**

| | |
|---|---|
| To | Kessler Topaz Meltzer & Check, LLP (the "Addressee") |
| From | Setterwalls Advokatbyrå |
| Date | 2 March 2023 |
| Regarding | Legal opinion for the purpose of a Swedish management company's right to represent a Swedish investment fund |

Dear Sirs and Madams,

We, Setterwalls[1], have been asked by the Addressee, counsel to Storebrand Asset Management AS (Company Registration No. 930208868) ("**Storebrand**") in an ongoing litigation against Generac Holdings Inc. ("**Generac**"), to provide this legal opinion (the "**Opinion**") to assess as to matters of Swedish law whether the fund manager, Storebrand Fonder AB (Company Registration No. 556397- 8922) (the "**Fund Company**") has the legal right to assign certain legal claims to Storebrand to pursue litigation on behalf of the following Swedish investment funds managed by the Fund Company: SPP Generation 40-tal, SPP Generation 50-tal, SPP Generation 60-tal, SPP Generation 70-tal, SPP Generation 80-tal, Storebrand Global All Countries, Storebrand Global Plus, Storebrand USA and Storebrand USA Plus (together the "**Swedish Funds**").

## 1. Executive summary

As set out below, we are, subject to the assumptions, qualifications, and other reservations herein, of the view that the Fund Company has the legal right and the sole capacity under Swedish law to represent the Swedish Funds in all juris-dictions. As such, under Swedish law, the Fund Company has the legal right and

---

[1] Setterwalls law firm (*Sw. Setterwalls Advokatbyå AB*) is one of Sweden's five largest business law firms. Mr Fors and Mr Magnusson are both Partners of Setterwalls' Banking and Finance Practice. They have extensive experience from civil law and financial market regulation and regularly work with matters relating to Swedish funds and fund managers.

STOCKHOLM / GÖTEBORG / MALMÖ
REG.NO: 556774-5772
SEAT: STOCKHOLM

SETTERWALLS ADVOKATBYRÅ AB
STUREGATAN 10, STOCKHOLM
P.O BOX 1050, SE-101 39 STOCKHOLM

T: +46 8 598 890 00
STOCKHOLM@SETTERWALLS.SE
WWW.SETTERWALLS.SE





the sole capacity to assign the Claims (as defined in Section 4.1.4 below) to Storebrand.

**2. Examined documentation and inquires**

2.1 For the purposes of this Opinion, we have examined the documentation as set out in Schedule 1 (the "**Examined Documentation**").

2.2 We have in addition, received instructions and information by way of e-mails from the Addressee. We have not reviewed or considered any other documentation than those which are set out in Schedule 1, or sought any information other than as set out below in this Opinion.

**3. Assumptions**

In rendering this Opinion, we have assumed (without having any verification thereof):

3.1 That the Examined Documentation submitted to us are in full force and effect and have not been amended or affected by any subsequent action not disclosed to us.

3.2 That the Assignment of Claims and Power of Attorney signed on behalf of Fonder by Åsa Wallenberg January 24th, 2023 is valid, binding and enforceable under the laws of the State of New York.

3.3 No foreign laws, regulations, decrees or orders affect the conclusions stated herein.

3.4 That the information and documentation provided by the Addressee regarding the circumstances are complete and accurate.

3.5 For the purposes of this Opinion, we have assumed that there are no provisions of the laws or regulations, including, but not limited to, public policy or mandatory rules, of any jurisdiction other than Sweden, that would have any implications on the opinions expressed. We have further assumed that there are no provisions or other aspects of any other agreement or other document which would have any implications on the opinions expressed herein.

**4. Legal framework and background**

**4.1 Background**

4.1.1 The Fund Company is, e.g., authorized by the Swedish Financial Supervisory Authority (Sw. *Finansinspektionen)* (the "**SFSA**") pursuant to Chapter 1, Section 4 of the Swedish Investment Funds Act (SFS 2004:46) (Sw. *lag om värdepappersfonder)* (the "**SUA**")[2] and operating as a fund company (Sw. *fondbolag*) to conduct fund operations (including fund management) under said Act.

---

[2] The SUA is also sometimes referred to as the Swedish UCITS Act, and investment funds are also referred to as UCITS or securities funds.

2



Case 2:22-cv-01436-BHL    Filed 03/07/23    Page 3 of 9    Document 28-7



4.1.2 According to our searches in the SFSA Company Register, the Swedish Funds are registered as Swedish investment funds (Sw. *värdepappersfonder*) managed by the Fund Company. Further, according to the Examined Documentation, each respective fund is an investment fund.

4.1.3 According to statements in the prospectuses of the Swedish Funds, a variety of the Fund Company's functions have been delegated to Storebrand, including e.g., back-office and administrative functions including risk and performance monitoring and IT operations, but also the management of the Swedish Funds.

4.1.4 As we have been informed, Storebrand is currently, together with other claimants, pursuing a securities class action litigation as lead plaintiff in the United States District Court for the Eastern District of Wisconsin (the "**Court**") – *Oakland County Voluntary Employees Beneficiary Association v. Generac Holdings Inc.*, No. 2:22-cv-01436 (E.D. Wis.), and *California Ironworkers Field Pension Trust v. Generac Holdings Inc.*, No. 2:23-cv-00081 (E.D. Wis.) (the "**Litigation**"). The Fund Company has assigned its claims against Generac to Storebrand (henceforth, the "**Claims**"), by the execution of the Assignment of Claims and Power of Attorney signed on behalf of Fonder by Åsa Wallenberg January 24th, 2023.

### 4.2 Swedish investment funds

4.2.1 According to Chapter 4, Section 1 of the SUA, an investment fund may not acquire rights or assume obligations. Further, investment funds cannot acquire rights or assume obligations and the investment fund cannot sue in, or be brought before, courts of law or any other public authority. Holders of units in the investment fund are not liable for the obligations of the fund.

4.2.2 Swedish investment funds are contractual constructions with a pool of assets, collectively owned by its unit holders.[3] Thus, an investment fund is, from a civil law perspective, not an independent legal entity, it cannot acquire rights or assume obligations. The unit holders' ownership rights to the fund are curtailed to a right to have one's unit in the fund redeemed and, where appropri- ate, receive a dividend. In return, unitholders are not responsible for obligations relating to the fund. Instead, the manager (the fund company) has been given many of the powers that are normally associated with ownership.[4]

### 4.3 Fund companies

4.3.1 Pursuant to Chapter 4, section 2 of the SUA, the fund company represents the unit holders in respect of all issues concerning an investment fund. In the management of an investment fund, the fund company shall act in its own name stating the investment fund's designation. The assets of a fund are held in custody by a designated depository.

---

[3] Government Bill 2002/03:150 page 225.
[4] Government Bill 2002/03:150 page 116 and Government Bill 2010/11:135 page 96.

3





**4.3.2** In conjunction with the management of an investment fund, the fund company shall act exclusively in the common interests of the unit holders, and act independently of the depository.

**4.3.3** Each unit holder of an investment fund has economic interests in the fund, but they hold no right to either direct, or execute, any specific investments. Nor are the unit holders entitled to exercise voting rights for any of the securities held by the fund.

**4.3.4** All of the investment fund's activities, including exercising voting rights and the execution of investments, are according to the SUA held by the appointed fund company. Thus, all rights to represent the investment fund, in any aspect, is exclusively held by the fund company and may not be exercised by the fund or its unit holders.

## 5. Assignment of a claim under Swedish law

### 5.1 Assignment of claims in general

**5.1.1** A main principle of Swedish civil law is that monetary claims, whether fixed or not, can be freely assigned, except in certain circumstances. Such circumstances may be that the claim is socially protectable. In case law for example, it has been held that an infringement claim (*Sw. kränkningsersättning*) which has not yet fallen due, because of its personal nature, cannot be assigned.[5]

### 5.2 Assignment of claims for fund companies

**5.2.1** There are no specific or explicit rules on the assignment of claims relating to investment funds in the SUA applicable in the pertinent case. Swedish fund companies are in this respect subject to the general principles of Swedish law which thus shall apply to the assignment of claims originating from a Swedish investment fund and their respective unit holders.

**5.2.2** In this respect it can also be noted that a Swedish fund company pursuant to the SUA may even, subject to certain conditions, retain the services of a third party to perform certain services or functions included in the fund operations.[6] Fund operations is defined in the SUA as management of a Swedish investment fund, the sale and redemption of units in the fund, and administrative measures relating thereto.[7] As noted above, pursuant to the Prospectuses of the Swedish Funds, a variety of the Fund Company's functions have been delegated to Storebrand.

## 6. Opinion

Based on the foregoing and subject to the assumptions, qualifications and reservations set forth in this Opinion and to matters not disclosed to us, we are, insofar as the present laws of Sweden are concerned, of the following view.

---

[5] Kindly see, inter alia, the Swedish Supreme Court's (Sw. *Högsta Domstolen*) decision in NJA 2017 s. 343.
[6] Chapter 4, Section 4 SUA.
[7] Chapter 1, Section 1 point 11 of SUA.



4



6.1 None of the Swedish Funds has legal capacity, and as such none of the Swedish Funds, or any of its respective unit holders, are eligible to appear before a court of law to represent the Swedish Funds.

6.2 The Fund Company is the sole entity vested to represent or the Swedish Funds in regard to, inter alia, investments, exercising voting rights or to pursue litigation on behalf of the respective Swedish Funds.

6.3 Thus, under Swedish law, the Fund Company is authorized to pursue litigation, either directly or by assigning claims stemming from the Swedish Funds, including as lead plaintiff, and bring suit in any jurisdiction (including Class Action), in Sweden or abroad, including the United States, on behalf of the Swedish Funds.

6.4 To refuse or prevent the Fund Company to represent or to assign a claim from the Swedish Funds, and its respective unit holders' interests, in a court of law, or before any other public authority, would deny the unit holders any and all possibilities to pursue legal remedies to safeguard their interests in the Swedish Funds. This as none of the Swedish Funds, nor its respective unit holders, are eligible to represent the Swedish Funds pursuant to Swedish law.

## 7. Qualification and reservations

7.1 This Opinion is subject to the qualifications and reservations set out in this Section 7.

(a) We do not express any opinion as to any investments or contractual arrangements of any party. We do not express an opinion whether and to what extent the Examined Documentation could give any party the right to make a claim against any other party. Neither do we express an opinion whether and to what extent the Fund Company or any other party could be subject to a claim from any party pursuant to adherence, non-adherence or its role in relation to the Examined documentation whatsoever.

(b) We express no opinion as to any factual matters. The Opinion is strictly limited to the matters explicitly referred to herein and is not to be read as extending by implication to any other matters in connection with *e.g.*, any agreement or document referred to herein or any of the transactions contemplated by those agreements and documents or otherwise, including future performance, the financial position of any company or compliance with applicable laws other than as explicitly stated herein.

(c) The Opinion in rendered exclusively on interpretation of Swedish law.

(d) No opinion is expressed on the validity of any arrangement with respect to any assets or contracting parties which, for the purposes of Swedish law, is located outside Sweden or governed by foreign law.

(e) We do not express any opinion as to any taxation matters or tax law and the opinions and statements set out herein are purely made from a Swedish civil and financial regulatory law perspective. We note that we do not



5



represent ourselves to be familiar with taxation matters or the laws of any jurisdiction other than Sweden. Swedish legal concepts are in this Opinion sometimes expressed in English terms, and not in their original Swedish terms. The concepts concerned may not be identical to the concepts described by the same English terms as they exist under the laws of another jurisdiction.

(f)   This Opinion is rendered exclusively for the purposes of assessing whether the Fund Company is authorized to represent and conduct litigation on behalf of the Swedish Funds and its ability as a Swedish fund company to assign legal claims stemming from the Swedish Funds to Storebrand.

(g)   This Opinion is based on the assessment that claims stemming from Swedish investment funds and investments made by a fund company on behalf of such fund would generally not be deemed socially protectable or of such personal nature that they could not be assigned to a third party.

(h)   We do not express any opinion if and to what extent the Fund Company or Storebrand fulfil their obligations pursuant to the SUA, regulations issued pursuant to the SUA or any other legal framework regulating their operations.

(i)   This Opinion is further limited to the provisions set forth in our general terms and conditions, which are also available on our website.

(j)   This Opinion is governed by and shall be construed in accordance with Swedish law and any legal suit, action or proceeding against us arising out of or based upon the Opinion shall be exclusively instituted in a Swedish court.

## 8.   Reliance

This opinion is given for the sole benefit of the Addressee on the date hereof for the Addressee to present to the Court and any superior courts in the Litigation and may be relied upon solely by the Addressee in representing the Fund Company, Storebrand or the Group in the Litigation, but not by any other person or under any other circumstances. It may not be relied upon by the Addressee or any other person, nor be circulated, quoted or otherwise referred to, for any other purpose without our prior written consent, except that it may be disclosed to the Fund Company and Storebrand.

By delivering this Opinion our assignment with respect to the same opinion shall hereby be considered finished and accounted for.

Yours faithfully,

Setterwalls

6





Åke J Fors
Partner,
Member of the Swedish Bar Association

Mikael Magnusson
Partner
Member of the Swedish Bar Association

7



**Examined documentation**

Part 1 – Supporting documents

The below documentation has been received from the client (via Mr Naumon Amjed) on 1 February 2023 via e-mail:

1. Prospectus for SPP Generation 40-tal;

2. Prospectus for SPP Generation 50-tal;

3. Prospectus for SPP Generation 60-tal;

4. Prospectus for SPP Generation 70-tal;

5. Prospectus for SPP Generation 80-tal;

6. Prospectus for Storebrand Global All Countries;

7. Prospectus for Storebrand Global Plus;

8. Prospectus for Storebrand USA;

9. Prospectus for Storebrand USA Plus; and

10. Assignment of Claims and Power of Attorney signed on behalf of Fonder by Åsa Wallenberg January 24th, 2023.

8

