EXHIBIT J

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JAMES FELIX, individually and on behalf
of all others similarly situated,

      Plaintiff,

  v.

SYMANTEC CORPORATION,
GREGORY S. CLARK, and NICHOLAS
R. NOVIELLO,

      Defendants.

_____/

No. C 18-02902 WHA

**ORDER (1) CONSOLIDATING
ACTIONS; (2) APPOINTING LEAD
PLAINTIFF; AND (3) INVITING
APPLICATIONS FOR LEAD
COUNSEL**

**INTRODUCTION**

Pursuant to the Private Securities Litigation Reform Act, this order appoints SEB

Investment Management AB lead plaintiff. This order accordingly **DENIES** the motions of other

parties for appointment as lead plaintiff. This order also **GRANTS** the motion to consolidate

cases and sets forth the procedure to be used for the selection and approval of class counsel.

**STATEMENT**

On May 17, 2018, individual investor James Felix filed this putative securities class

action against defendant Symantec Corporation and individual defendants Gregory S. Clark,

CEO of Symantec, and Nicholas R. Noviello, CFO and Principal Accounting Officer of

Symantec, alleging false and misleading statements in violation of federal securities laws. That

same day, Felix's counsel published a notice on *Business Wire* informing investors that a class

action lawsuit had been filed against Symantec and that investors had until July 16 to seek

United States District Court
For the Northern District of California

appointment as lead plaintiff. A second such class action was filed in this district by individual Samuel Broda on May 25 (Dkt. Nos. 1, 33-5).

Plaintiff alleges that Symantec revealed in May 2018 that its audit committee was investigating Symantec's accounting practices in connection with concerns raised by a former employee and that Symantec had contacted the SEC to advise the SEC of its investigation. Plaintiff further alleges that defendants issued materially false and misleading statements to investors regarding the accuracy of Symantec's financial reporting, its internal controls over financial reporting, and the nature of the company's executive compensation programs (Dkt. No. 1).

Five lead plaintiff candidates timely filed motions for appointment: (1) SEB Investment Management AB; (2) Norfolk County Council as administering authority of the Norfolk Pension Fund; (3) Image Securities Ltd.; (4) Pedro Reyes; and (5) Itai Jaeger. All of these candidates except for SEB — an institutional investor that purchased Symantec securities during the alleged class periods and alleges losses of $6.1 million — either withdrew or did not oppose SEB's motion. Norfolk Pension Fund filed a "response" to SEB's motion, but the response makes clear that Norfolk Pension Fund does not oppose SEB's appointment (Dkt. Nos. 11, 15, 20, 29, 32, 51–52, 55–58).

The undersigned judge requested that each lead plaintiff candidate file responses to a questionnaire about its qualifications, experience in managing litigation, transactions in the shares at issue, and any potential conflicts related to the instant securities litigation. SEB and Norfolk Pension Fund have submitted answers to the lead plaintiff questionnaire. A hearing on the appointment of lead plaintiff was held and SEB was questioned on its qualifications. Norfolk Pension Fund was also in attendance. The Court thanks the lead plaintiff candidates for traveling all the way from Sweden and the United Kingdom to appear at the hearing.

**ANALYSIS**

**1.    CONSOLIDATION.**

Under FRCP 42(a), the district court may consolidate actions where the actions involve a "common question of law or fact." The "district court has broad discretion under this rule to

2

**United States District Court**
For the Northern District of California

consolidate cases pending in the same district." *Investors Research Co. v. U.S. Dist. Court for Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989).

Here, both complaints allege claims under Sections 10(b), Rule 10(b)(5), and Section 20(a) of the Exchange Act and include allegations concerning Symantec's May 2018 announcement regarding its audit committee's investigation into the company's public disclosures. Both class periods end on May 10, 2018, but begin one day apart — the *Felix* class period begins on May 20, 2017, while the *Broda* class period begins on May 19, 2017. FRCP 42(a), however, does not require the complaints to be identical for purposes of consolidation. Because the complaints involve common questions of fact and law, the motion to consolidate is **GRANTED**.

In the event that a subsequent plaintiff files a complaint against Symantec and/or its officers that involves common questions of fact and law, counsel on both sides shall immediately notify the undersigned judge of the related case. Any such complaint shall be automatically consolidated unless the consolidation is opposed within one week of such notice.

### 2. APPOINTMENT OF LEAD PLAINTIFF.

Under the PSLRA, the district court "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of the class members . . . in accordance with this subparagraph." 15 U.S.C. 78u-4(a)(3)(B)(i); 15 U.S.C. 77z-1(a)(3)(B)(i). The PSLRA creates a rebuttable presumption that the most adequate plaintiff should be the plaintiff who: (1) has filed the complaint or brought the motion for appointment of lead counsel in response to the publication of notice; (2) has the "largest financial interest" in the relief sought by the class; and (3) otherwise satisfies the requirements of FRCP 23. 15 U.S.C. 78u-4(a)(3)(B)(iii)(I)(aa)–(cc); 15 U.S.C. 77z-1(a)(3)(B)(iii)(I)(aa)–(cc). The above presumption may be rebutted only upon proof that the presumptive lead plaintiff: (1) will not fairly and adequately protect the interests of the class; or (2) is subject to "unique defenses" that render such plaintiff incapable of adequately representing the class. 15 U.S.C. 78u-4(a)(3)(B)(iii)(II)(aa)–(bb); 15 U.S.C. 77z-1(a)(3)(B)(iii)(II)(aa)–(bb).

The PSLRA establishes a three-step inquiry for appointing a lead plaintiff. *First*, a plaintiff files the action and posts notice, allowing other lead plaintiff candidates to file motions. *Second*, the district court considers which of those plaintiffs has the largest financial interest in the action and whether that plaintiff meets the requirements of FRCP 23. *Third*, other candidates have the opportunity to rebut the presumption that the putative lead plaintiff can adequately represent the class. *In re Cavanaugh*, 306 F.3d 726, 729–30 (9th Cir. 2002).

### A.    Largest Financial Interest.

The PSLRA does not indicate a specific method for calculating which plaintiff has the "largest financial interest." *See* 15 U.S.C. 78u-4(a)(3)(B)(iii)(I)(bb). Our court of appeals also has not prescribed a particular method for calculating a plaintiff's financial interest but has directed that "the court may select accounting methods that are both rational and consistently applied." *In re Cavanaugh*, 306 F.3d at 730 n.4.

Here, the movants calculate financial interest based on the losses suffered. Under this test, courts consider: "(1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered during the class period." *In re Diamond Foods, Inc., Sec. Litig.*, 281 F.R.D. 405, 408 (N.D. Cal. 2012). The fourth factor, the net "approximate loss," is generally considered the most important factor. *Ibid.* Absent proof that the lead plaintiff candidate with the largest financial interest does not satisfy the requirements of FRCP 23, said candidate is "entitled to lead plaintiff status." *In re Cavanaugh*, 306 F.3d at 732.

SEB purchased 805,000 shares during the class period and suffered an estimated net loss of $6.1 million as calculated under a first-in, first-out basis, and $5.3 million as calculated under a last-in, first-out basis. Norfolk Pension Fund, who filed a "response" but not an opposition to SEB's motion for appointment as lead plaintiff, purchased only 41,373 shares and suffered an estimated $445,000 in losses during the class period. Norfolk Pension Fund does not dispute that SEB has asserted the largest financial interest. All other candidates have either withdrawn or do not oppose SEB's motion (Dkt. Nos. 51–52, 55–58). Because SEB has shown that it has

United States District Court
For the Northern District of California

4

the largest financial interest within the meaning of the statute, it is presumptively the most adequate lead plaintiff.

### B. Requirements of Typicality and Adequacy Under FRCP 23.

Once a court determines which plaintiff has the largest financial interest, "the court must appoint that plaintiff as lead, unless it finds that [plaintiff] does not satisfy the typicality or adequacy requirements" *In re Cavanaugh*, 306 F.3d at 732. The district court must inquire whether the putative lead plaintiff satisfies the requirements of FRCP 23(a). *Id*. at 730. The inquiry focuses on the "typicality" and "adequacy" requirements, as the other requirements in FRCP 23 of numerosity and commonality would preclude class certification by themselves. *Id*. at 730 n.5.

The typicality requirement is satisfied when the putative lead plaintiff has suffered the same injuries as absent class members as a result of the same conduct by the defendants. *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992). In the instant action, the alleged artificial inflation and consequent market corrections of the price of Symantec's stock caused by defendants' allegedly false and misleading disclosures during the class period caused SEB and absent class members alike to suffer financial loss. As a result, SEB's claims are based on the same legal theories as other class members.

The adequacy requirement of FRCP 23(a)(4) permits certification only if "the representative parties will fairly and adequately protect the interests of the class." The two key inquiries are (1) whether there are conflicts within the class; and (2) whether plaintiff and counsel will vigorously fulfill their duties to the class. *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 985 (9th Cir. 2011). In its response to the lead plaintiff questionnaire, SEB identified Hans Ek, SEB's Deputy Chief Executive Officer, as being the individual in charge of managing its litigation responsibilities. In addition, SEB's in-house legal counsel will be advising Mr. Ek and assisting with overseeing the litigation. SEB has been lead plaintiff in two other class actions and asserts that there are no time or travel impediments to carrying out its responsibilities as lead plaintiff in this action. This order concludes that SEB has made an initial showing of typicality and adequacy, subject to a final determination of these requirements at the time of a FRCP 23

5

motion. Because this order does not appoint lead counsel at this time, the adequacy of counsel ultimately selected will be determined at a later date.

### C.     Attempts to Rebut Presumption.

Other plaintiffs may rebut the presumption that the putative lead plaintiff has satisfied the requirements of typicality and adequacy. *In re Cavanaugh*, 306 F.3d at 730. Norfolk Pension Fund does not oppose the appointment of SEB as lead plaintiff but nevertheless argues that SEB's decision to simultaneously move for both appointment as lead plaintiff and appointment of lead counsel "raises questions" in light of the undersigned judge's past practices in PSLRA cases. According to Norfolk Pension Fund, this "may reflect the fact that counsel has exercised excessive influence over SEB, or that counsel is placing its own interests ahead of the class's interests." Norfolk Pension Fund further argues that it is unclear whether SEB undertook an open process in selecting counsel which would comport with the undersigned judge's requirements. SEB responds that it "is mindful of the Court's practices, evaluated different law firms before retaining Bernstein Litowitz and timely responded to the Court's Questionnaire." SEB further responds that its counsel "has not 'exercised excessive influence' over SEB — a large and sophisticated institution that is fully capable of protecting the interests of the Class."

SEB has the largest financial interest in the relief sought by the classes and otherwise satisfies the typicality and adequacy requirements of FRCP 23. This order disagrees that the concerns raised by Norfolk Pension Fund rebut the presumption that the putative lead plaintiff has satisfied the requirements of typicality and adequacy. Any concerns regarding SEB's choice in counsel will be addressed in selecting lead counsel, as discussed below. SEB is therefore the most adequate lead plaintiff.

### INSTRUCTIONS TO SEB

SEB is appointed lead plaintiff. The following sets forth the procedure for selecting and approving class counsel. Under the PSLRA, "[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. 78u-4(a)(3)(B)(v). Selection and approval require an assessment of the strengths, weaknesses, and experience of counsel as well as the financial burden — in terms of fees and costs — on the

6

United States District Court
For the Northern District of California

class. *Wenderhold v. Cylink Corp.*, 191 F.R.D. 600, 602–03 (N.D. Cal. February 4, 2000) (Judge Vaughn R. Walker).

Any important decision made by a fiduciary should be preceded by due diligence. A lead plaintiff is a fiduciary for the investor class. No decision by the lead plaintiff is more important than the selection of class counsel. Consequently, the lead plaintiff should precede its choice with due diligence. The extent of such due diligence is a matter of judgment and reasonableness based on the facts and circumstances.

The lead plaintiff may consider its current counsel along with all other candidates but it may not give current counsel any special preference. Considerations should include each candidate's fee proposal, its track record, the particular lawyers to be assigned to the case, the candidate's ability and willingness to finance the case, the candidate's proposals for the prosecution of the case, and the factors set forth in the questionnaire.

The lead plaintiff should immediately proceed to perform its due diligence in the selection of class counsel, and to interview appropriate candidates. Interviews shall take place in San Francisco or New York, not Sweden. Counsel wishing to apply to be considered for the role of lead counsel should promptly contact Hans Ek at:

> SEB Investment Management AB
> Stjärntorget 4
> Stockholm, SE-106 40, Sweden
> 46-8-639-48-00

SEB shall promptly advertise for applicants and leave open the application period for class counsel until **SEPTEMBER 6, 2018**, and shall make a final decision as to the selection of counsel by **SEPTEMBER 20, 2018**. Through counsel, SEB shall move for the appointment and approval of their selected counsel no later than **SEPTEMBER 27, 2018**. The motion should be accompanied by a declaration from the lead plaintiff explaining the due diligence undertaken with respect to the selection of class counsel. The declaration should also explain why the counsel selected was favored over other potential candidates. The declaration should be filed under seal and not served on defendants. The motion for approval of lead plaintiff's choice of counsel, however, should be served on defense counsel. No hearing will be held on the motion unless the Court determines that it would be beneficial.

7

Once class counsel is approved, the first order of business will be to file a consolidated complaint within **42 CALENDAR DAYS** of the order appointing lead counsel. Defendants may then file a motion to dismiss (or answer) within **42 CALENDAR DAYS**. Any such motion shall be noticed on the normal 35-day track.

This appointment is conditioned on lead plaintiff submitting certification in writing, within **SEVEN CALENDAR DAYS**, that it has read this order and is willing and able to meet the schedule and its fiduciary obligations.

**IT IS SO ORDERED.**

Dated: August 23, 2018.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California

8