**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| OAKLAND COUNTY VOLUNTARY EMPLOYEES BENEFICIARY ASSOCIATION, et al., | Case No. 2:22-cv-01436-BHL |
| | (Consolidated with Civil No. 2:23-cv-00081-BHL) |
| Plaintiffs, | |
| v. | <u>CLASS ACTION</u> |
| GENERAC HOLDINGS INC., AARON JAGDFELD, and YORK A. RAGEN, | |
| Defendants. | |

**<u>DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF</u>**
**<u>MOTION TO CONSIDER DOCUMENTS UNDER THE</u>**
**<u>INCORPORATION-BY-REFERENCE DOCTRINE OR BY JUDICIAL NOTICE</u>**

## I.    PRELIMINARY STATEMENT

Pursuant to the incorporation by reference doctrine and Rule 201 of the Federal Rules of Evidence, Defendants Generac Holdings Inc. ("Generac"), Aaron Jagdfeld, and York A. Ragen (together, "Defendants") respectfully request that the Court consider documents attached to the Declaration of Jacqueline Vallette (the "Exhibits") in support of Defendants' Motion to Dismiss the Consolidated Class Action Complaint (the "Motion to Dismiss"). The Exhibits comprise periodic financial reports filed by Generac with the U.S. Securities and Exchange Commission ("SEC") (Exhibits 1, 2, 7, 8), transcripts of Generac earnings calls (Exhibits 3-6, 34), Messrs. Jagdfeld and Ragen's Form 4s filed with the SEC (Exhibits 9-29), analyst reports (Exhibits 30-32), and a press release by Generac (Exhibit 33). Courts routinely consider and/or take notice of such documents in connection with motions to dismiss shareholder class action complaints.

## II.    LEGAL STANDARDS

In ruling on a motion to dismiss, courts "must consider the complaint in its entirety, as well as . . . documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rts, Ltd.*, 551 U.S. 308, 322 (2007). Considering such documents does not require the Court to "convert[] motion to dismiss into a motion for summary judgment." *Menominee Indian Tribe v. Thompson*, 161 F.3d 449, 456 (7th Cir. 1998).

Under the incorporation-by-reference doctrine, courts may consider documents that are not attached to the complaint but that are (1) referenced in the complaint; (2) concededly authentic; and (3) central to the plaintiffs' claims. *Fin. Fiduciaries, LLC v. Gannett Co., Inc.*, 46 F.4th 654, 663 (7th Cir. 2022). "In effect, the incorporation-by-reference doctrine provides that if a plaintiff mentions a document in his complaint, the defendant may then submit the document to the court without converting defendant's 12(b)(6) motion to a motion for summary judgment." *Brownmark*

1

*Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012). The doctrine safeguards against a plaintiff "evad[ing] dismissal under Rule 12(b)(6) simply by failing to attach to his complaint a document that prove[s] his claim has no merit." *Id.* (quoting *Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002)).

Under Rule 201 of the Federal Rules of Evidence, courts may judicially notice facts that are not subject to reasonable dispute because they can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b). As such, courts may take judicial notice of public records, including filings made with the SEC, for the purpose of determining their contents. *In re Guidant Corp. Sec. Litig.*, 536 F. Supp. 2d 913, 921 (S.D. Ind. 2008) ("[I]t is permissible for courts to take judicial notice of SEC filings at the 12(b)(6) stage in securities fraud cases for the purpose of determining what statements the documents contain." (quotation omitted)); *In re Supreme Indus., Inc. Sec. Litig.*, 2019 WL 1436022, at *2 (N.D. Ind. Mar. 29, 2019) (taking judicial notice of SEC filings); *City of Birmingham Ret. and Relief Sys. v. A.O. Smith Corp.*, 468 F. Supp. 3d 1048, 1051 n.1, 1056-57, 1061 (E.D. Wis. 2020) (considering and/or taking judicial notice of analyst reports, company's SEC filings and earnings call transcripts).

## III.  <u>ALL EXHIBITS HERE ARE INCORPORATED BY REFERENCE OR JUDICIALLY NOTICEABLE</u>

*First*, the Court may consider all Exhibits, other than Exhibit 7, under the incorporation-by-reference doctrine because they are each referenced in the Consolidated Class Action Complaint (ECF No. 42, the "Complaint") and are central to Plaintiffs' claims.

With respect to Exhibits 1-6, 8, and 30-34, Plaintiffs allege that Defendants made misstatements and corrective disclosures in various corporate SEC filings, earnings calls, press

2

releases, and analyst reports. *See, e.g.*, ¶¶[1] 119 (referencing Ex. 1), 62 (referencing Ex. 2), 127 (referencing Ex. 3), 48 (referencing Ex. 4), 123 (referencing Ex. 5), 238 (referencing Ex. 6), 110 (referencing Ex. 8), 237 (referencing Ex. 30), 285 (referencing Ex. 31), 203 (referencing Ex. 32), 230 (referencing Ex. 33), 132 (referencing Ex. 34).

Because these materials are central to Plaintiffs' claims and are referenced in the Complaint, the Court may consider them. *A.O. Smith Corp.*, 468 F. Supp. 3d at 1056-57, 1061 (considering company's SEC filing and earnings call transcripts when analyzing what disclosures the company made); *Fryman v. Atlas Fin. Holdings, Inc.*, 462 F. Supp. 3d 888, 894 (N.D. Ill. 2020) (considering SEC filings, press releases, and conference call transcripts because they were "referenced in the [Third Amended Complaint] and [were] central to Plaintiffs' claims as they include[d] the purportedly materially false statements, misrepresentations, omissions, and/or corrective disclosures that [were] the basis for Plaintiffs' securities claims and alleged losses"). Further, Plaintiffs cannot reasonably dispute the authenticity of these Exhibits since they cite these documents in the Complaint. *Mueller v. Apple Leisure Corp.*, 880 F.3d 890, 895 (7th Cir. 2018) (finding that the district court did not abuse its discretion when considering a document attached to the defendant's motion to dismiss under the incorporation-by-refence doctrine, where the plaintiff did not contest the document's authenticity).

Next, Messrs. Jagdfeld and Ragen's Form 4s (Exhibits 9-29) are also incorporated by reference because they are central to Plaintiffs' allegations in paragraphs 273 and 274. The Complaint claims in those paragraphs that Generac stock sales by Messrs. Jagdfeld and Ragen during the Class Period support a strong inference of scienter. ¶¶ 273-274. Although the Complaint does not disclose the sources of this information, "[b]ecause . . . the information in the Forms 4 from within the class period is identical" to the allegations in the Complaint, "and because the only

---

[1] Citations are to Plaintiffs' Complaint by paragraph number.

source of insider trading data available to plaintiffs when drafting complaints is the Forms 3, 4, and 5 filed with the SEC, the Court can safely assume that the Forms 4 filed by the Individual Defendants during the class period were the source" of those allegations. *Fryman*, 462 F. Supp. 3d 894-95; *id.* at 903-04 (considering Form 4s when weighing scienter); *see Okla. Firefighters Pension & Ret. Sys. & Okla. Law Enforcement Ret. Sys. v. IXIA*, 2015 WL 1775221, at \*15 (C.D. Cal. Apr. 14, 2015) (Form 4s were incorporated by reference because plaintiffs' allegations relied on stock sales). Further, Plaintiffs again cannot reasonably dispute the authenticity of these Exhibits because they are filed with the SEC and Plaintiffs relied on them for their stock sales allegations. *See Mueller*, 880 F.3d at 895; *see also W. Palm Beach Firefighters' Pension Fund v. Conagra Brands, Inc.*, 495 F. Supp. 3d 622, 665 n.16 (N.D. Ill. 2020) ("Plaintiffs do not contest the authenticity of this SEC filing, so the court takes judicial notice of it.").

*Second*, the Court may consider all Exhibits because they are judicially noticeable matters of public record.[2] District courts routinely take judicial notice of SEC filings, conference call transcripts, press releases, and analyst reports on motions to dismiss in shareholder class actions. *E.g.*, *Boeing*, 2023 WL 6065260, at \*3 n.1 (taking judicial notice of an SEC filing because it is a matter of public record, its authenticity has not been challenged, its existence is not subject to reasonable dispute, and its accuracy cannot be reasonably questioned); *Patten v. N. Trust Co.*, 703 F. Supp. 2d 799, 803 n.2 (N.D. Ill. 2010) (SEC filings); *Waterford Twp. Police v. Mattel, Inc.*, 321 F. Supp. 3d 1133, 1143 (C.D. Cal. 2018) (SEC filings, press releases, conference call transcripts, analyst reports); *U.S. Sec. and Exch. Comm'n v. Ustian*, 229 F. Supp. 3d 739, 761 (N.D. Ill. 2017) (analyst reports).

---

[2] Because all Exhibits other than Exhibit 7 may be considered under the incorporation-by-reference doctrine, Exhibit 7 is the only Exhibit for which the Court must decide whether it is judicially noticeable. Exhibit 7 is Generac's 2022 annual report on Form 10-K, filed with the SEC on February 22, 2023. As an SEC filing, Exhibit 7 is indisputably a document of which the Court can take judicial notice. *See College Ret. Equities Fund v. The Boeing Co.*, 2023 WL 6065260, at \*3 n.1 (N.D. Ill. Sept. 18, 2023) (taking judicial notice of Form 8-K filed with the SEC).

Further, Form 4s are also filed with SEC and are thus matters of public record subject to judicial notice. *See Boeing*, 2023 WL 6065260, at \*3 n.1 (judicially noticing an SEC filing); *Patten*, 703 F. Supp. 2d at 803 n.2 (same). Accordingly, district courts routinely examine Form 4s, such as individual defendants' total stock holdings and reasons for stock sales, to weigh the inferences of scienter. *See, e.g.*, *Van Noppen v. InnerWorkings, Inc.*, 136 F. Supp. 3d 922, 944 (N.D. Ill. 2015) (when analyzing scienter, considering an individual defendant's Form 4's disclosure that relevant stock sales were automatic pursuant to a Rule 10b5-1 trading plan). Therefore, the Court may properly take judicial notice of all Exhibits.

## IV.      **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court consider and/or take notice all of the Exhibits in connection with its decision on Defendants' Motion to Dismiss.

5

Dated: October 9, 2023

Respectfully submitted,

By: */s/ Glenn K. Vanzura*
Glenn K. Vanzura
Jacqueline M. Vallette
**MAYER BROWN LLP**
333 S. Grand Avenue, 47th Floor
Los Angeles, CA 90071
(213) 229-9500
gvanzura@mayerbrown.com
jvallette@mayerbrown.com

Joseph De Simone
**MAYER BROWN LLP**
1221 Avenue of the Americas
New York, New York 10020
(212) 506-2559
jdesimone@mayerbrown.com

Andrew J. Spadafora
**MAYER BROWN LLP**
1999 K Street NW
Washington, DC 20006
(202) 263-3043
aspadafora@mayerbrown.com

*Counsel for Defendants Generac Holdings Inc.,
Aaron Jagdfeld, and York A. Ragen*

6