UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

---

OAKLAND COUNTY VOLUNTARY
EMPLOYEES' BENEFICIARY
ASSOCIATION, et al., Individually and on
Behalf of All Others Similarly Situated,

     Plaintiff,

 vs.

GENERAC HOLDINGS INC., et al.,

     Defendants.

Civil No. 2:22-cv-01436-bhl (Consolidated
with Civil No. 2:23-cv-00081-bhl)

<u>CLASS ACTION</u>

---

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO CONSIDER DOCUMENTS
UNDER THE INCORPORATION-BY-REFERENCE DOCTRINE OR BY JUDICIAL
NOTICE**

4877-0757-0583.v1

Lead Plaintiff City Pension Fund for Firefighters and Police Officers in the City of Tampa, and additional named plaintiff The City of Miami Fire Fighters' and Police Officers' Retirement Trust (together, "Plaintiffs"), respectfully submit this Opposition to Defendants' Motion to Consider Documents Under the Incorporation-by-Reference Doctrine or by Judicial Notice (*see* ECF 51, the "Motion").[1] In connection with their motion to dismiss (ECF 47), Defendants have also filed the Motion, requesting that the Court consider 34 documents not attached to the Complaint. Defendants' Motion should be denied, in part, for the reasons set forth herein.

First, to the extent the Motion requests that the Court consider Defendants' documents to dispute the allegations contained in the Complaint, it must be denied in its entirety. *See Makor Issues & Rts., Ltd. v. Tellabs Inc.*, 513 F.3d 702, 705 (7th Cir. 2008) ("[T]he court must treat the pleaded facts as true and 'draw all reasonable inferences in favor of the plaintiff.'"). Defendants cannot contest the allegations on a motion to dismiss. *Id.*

Second, the documents serve largely to inject meaningless issues that waste time because they are irrelevant to the motion to dismiss. For example, some of the documents are used by Defendants to insert irrelevant facts (*e.g.*, DM at 5 (citing Defendants' Exhibit 1 to support "Generac employed more than 9,000 employees, including thousands of Wisconsinites")); to repeat facts already alleged (*e.g.*, *id.* at 6-7 (citing to paragraphs in the Complaint and then to Defendants' exhibits)); or to support erroneous arguments (*e.g.*, *id.* at 44 n.27 (claiming Defendants' Exhibit 30 "cannot constitute a corrective disclosure" when it was not alleged as a corrective disclosure (*see* ¶237))). Consideration of information added as argumentative color to Defendants' motion to dismiss is not warranted. *See Kuzmenko v. Lynch*, 606 Fed. App'x 399 (9th Cir. 2015) (denying

---

[1] Capitalized terms not defined herein have the meanings assigned in the Consolidated Complaint for Violation of the Federal Securities Laws (the "Complaint"). ECF 42. Citations to "¶__" and "¶¶___" refer to paragraphs in the Complaint. "DM" refers to the Memorandum of Law in Support of Defendants' Motion to Dismiss the Consolidated Class Action Complaint. ECF 48. Unless otherwise indicated, emphasis is added, and internal citations are omitted.

4877-0757-0583.v1

"request for judicial notice of non-relevant, extra-record information discussed in [movant's] opening brief" and noting that "judicial notice is inappropriate where the facts to be noticed are not relevant to the disposition of the issues before the court").

Third, at most, consideration of such documents is limited to the fact that certain disclosures were made, not the truth of the matters asserted therein. *See In re Shopko Sec. Litig.*, 2002 WL 32003318, at \*2 (E.D. Wis. Nov. 5, 2002) (Adelman, J.) ("Courts have taken judicial notice of SEC filings and considered them in ruling on motions to dismiss. However, in these cases, the courts did not consider the SEC filings for the truth of the defendants' disclosures asserted therein; they considered them only to determine what disclosures the defendants made."). In other words, Defendants cannot create their own counter-pleading through their documents. Yet, here, Defendants do not assign particular significance to the fact of the disclosures and instead offer the documents for their truth to refute the allegations or assert untenable interpretations of their alleged misrepresentations. *See, e.g.*, DM at 7-8, 18-20, 41, 42 n.24, 44 n.27.

Fourth, Defendants cannot mitigate the suspicious nature and timing of their massive stock sales by offering Form 4s and Rule 10b5-1 trading plans. *See* Exs. 9-29. Those documents are not incorporated by reference because, as Defendants concede (Mot. at 3), they are not referenced in the Complaint. *See City of Sterling Heights Police & Fire Ret. Sys. v. Kohl's Corp.*, 2015 WL 1478565, at \*3-\*5 (E.D. Wis. Mar. 31, 2015) (rejecting defendants' argument that Form 4s were incorporated by reference); *see also Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018) ("[I]f the document merely creates a defense to the well-pled allegations in the complaint, then that document did not necessarily form the basis of the complaint. Otherwise, defendants could use the [incorporation-by-reference] doctrine to insert their own version of events into the complaint to defeat otherwise cognizable claims."). Those documents are also not subject to judicial notice because Defendants offer them for their truth, claiming they evidence that the sales were executed

"to satisfy tax obligations associated with restricted stock unit vesting or equity awards," that Defendant Jagdfeld's stock holdings "decreased by less than 8%," and that Defendant Ragen's holdings increased (*see* DM at 38, 38 n.21), which is improper. *See City of Sterling Heights Gen. Emps.' Ret. Sys. v. Hospira, Inc.*, 2013 WL 566805, at *12 (N.D. Ill. Feb. 13, 2013) (rejecting defendants' request to judicially notice proxy statements because defendants "ask the Court to take judicial notice not only of the fact that the proxy statements contain certain [stock] sales data for [the defendants], but the truth of that [stock] sales data").

Moreover, the Form 4s undermine Defendants' arguments. The one document that references a "tax" shows such sales of around $8.4 million (*see* ECF 49, Ex. 18), which hardly explains Defendant Jagdfeld's sale of more than $38 million in stock. *See* ¶273. Nor do the Form 4s show that Defendants invested cash to increase or maintain their "holdings" of Company stock. Rather, Defendants simply acquired steeply discounted shares through compensation awards, resulting in huge profits on their insider selling. Specifically, Defendant Jagdfeld acquired 62,000 shares at $16 per share and 18,000 shares at $0 per share during the Class Period (ECF 49, Exs. 18-19), but he sold nearly 125,000 shares at an average of over $300 per share (and at up to $500 per share), for more than $38 million (¶273). Defendant York acquired 10,000 shares at just under $30 per share and nearly 5,000 shares at $0 (ECF 49, Exs. 28-29), but sold 10,000 shares at more than $440 per share, for more than $4.4 million (¶274). Far from mitigating the suspicious nature of the stock sales, the forms confirm that Defendants Jagdfeld and Ragen were not willing to put their own cash at risk to increase their holdings at the inflated $300 to $500 that investors paid, but were willing to acquire shares at $0 to $30 through routine compensation and sell them to the investing public at the inflated prices before the truth was revealed.

And fifth, there are many reasons why evidentiary disputes are not solved on a motion to dismiss, including that doing so could result in the presentment of competing evidence akin to

4877-0757-0583.v1

summary judgment before discovery has even started.  For example, Defendants have falsely asserted that Plaintiffs' allegation that close rates were declining prior to July 2021 was only "speculation."  *See* DM at 16; *see also id.* at 7 (arguing that declining close rates began "[d]uring 2022").  Yet, slide 30 of Generac's September 2023 Investor Day Presentation, which Plaintiffs could not have pled because it post-dates the Complaint, shows that Generac tracked close rates since at least 2018 and that close rates declined after the third quarter 2020, and continued declining up to and through the Class Period, bottoming out in first quarter 2022.  *See* accompanying Declaration of Frank A. Richter, Ex. A.  This document is posted on Generac's investor relations website, and Defendants cannot dispute its accuracy.  *Cf.* Mot. at 4 (arguing that this Court should consider "matters of public record" such as public statements available on Generac's website).  Thus, if Defendants are permitted to offer public statements exhibits, the Court should also consider slide 30 to the September 2023 Investor Day Presentation.

At most, the documents specifically referenced in the Complaint can be considered for the limited purpose of the fact that a disclosure was made but not for their truth.  However, the Form 4s, insider trading plans, and documents not referenced in the Complaint cannot be considered or used to refute the allegations that Defendants sold large amounts of stock at inflated Class Period prices.  For the foregoing reasons, Defendants' motion to consider Exhibits 9-29 should be denied, and Defendants' motion to consider Exhibits 1-8 and 30-34 should be denied to the extent Defendants offer them to refute the Complaint's allegations and granted only to the extent that the Court may take judicial notice that certain disclosures within them were made.

DATED:  December 20, 2023

s/ James E. Barz
JAMES E. BARZ

4877-0757-0583.v1

ROBBINS GELLER RUDMAN
  & DOWD LLP
JAMES E. BARZ
FRANK A. RICHTER
MICHAEL J. STRAMAGLIA
200 South Wacker Drive, 31st Floor
Chicago, IL  60606
Telephone:  630/696-4107
jbarz@rgrdlaw.com
frichter@rgrdlaw.com
mstramaglia@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
DARREN J. ROBBINS
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
darrenr@rgrdlaw.com

Lead Counsel for Plaintiffs

ADEMI LLP
GURI ADEMI
JESSE FRUCHTER
JOHN D. BLYTHIN
3620 East Layton Avenue
Cudahy, WI  53110
Telephone:  414/482-8000
414/482-8001 (fax)
gademi@ademilaw.com
jfruchter@ademilaw.com
jblythin@ademilaw.com

ATOLLES LAW, S.C.
K. SCOTT WAGNER
222 E Erie Street, Suite 210
Milwaukee, Wisconsin  53202
Telephone:  414/644-0391
414/278-7590 (fax)
swagner@atolles.com

Local Counsel

- 5 -

KLAUSNER, KAUFMAN, JENSEN
  & LEVINSON
ROBERT D. KLAUSNER
STUART A. KAUFMAN
7080 NW 4th Street
Plantation, FL 33317
Telephone: 954/916-1202
954/916-1232 (fax)
bob@robertdklausner.com
stu@robertdklausner.com

Additional Counsel for Plaintiffs

4877-0757-0583.v1