|  |  |
|---|---|
| OAKLAND COUNTY VOLUNTARY EMPLOYEES BENEFICIARY ASSOCIATION, et al., <br><br> Plaintiffs, <br><br> v. <br><br> GENERAC HOLDINGS INC., AARON JAGDFELD, and YORK A. RAGEN, <br><br> Defendants. | Case No. 2:22-cv-01436-BHL <br><br> (Consolidated with Civil No. 2:23-cv-00081-BHL) <br><br><br> <u>CLASS ACTION</u> |

**<u>REPLY BRIEF IN FURTHER SUPPORT OF DEFENDANTS'
MOTION TO CONSIDER DOCUMENTS UNDER THE
INCORPORATION-BY-REFERENCE DOCTRINE OR BY JUDICIAL NOTICE</u>**

## I.     PRELIMINARY STATEMENT

In their Motion to Consider Documents Under the Incorporation-by-Reference Doctrine or by Judicial Notice (ECF No. 51) (the "Motion to Consider" or "MTC"), Defendants request that the Court consider 34 documents (the "Exhibits") in connection with Defendants' Motion to Dismiss (ECF No. 48) (the "Motion to Dismiss" or "MTD"). Each of the documents is attached to the Declaration of Jacqueline Vallette. (ECF No. 49). The documents are the sort that courts often consider in connection with motions to dismiss shareholder class action complaints: here, periodic financial reports filed by Generac with the SEC (Exhibits 1, 2, 7, 8), transcripts of Generac earnings calls (Exhibits 3-6, 34), Messrs. Jagdfeld and Ragen's Form 4s filed with the SEC (Exhibits 9-29), analyst reports (Exhibits 30-32), and a Generac press release (Exhibit 33).

Plaintiffs' Opposition (ECF No. 54) (the "MTC Opposition" or "MTC Opp.") does not dispute the authenticity of the Exhibits or that the Complaint's allegations relied on the Exhibits. Rather, to avoid the Court's scrutiny of the Complaint's allegations that the PSLRA requires, the MTC Opposition incorrectly claims that the Exhibits cannot be considered for the truth therein or to the extent they contradict the Complaint's allegations. MTC Opp. at 1-3. First, it is well established that the Court is not bound to consider only excerpts of statements that Defendants allegedly made and that Plaintiffs selectively chose for their Complaint. The Court is instead permitted, on a motion to dismiss, to consider the Exhibits to assess each of the challenged statements in their full context. Second, the Court is likewise permitted to weigh and even disregard the Complaints' allegations where documents incorporated by reference contradict the allegations.

1

In sum, the Court may, and should, consider the Exhibits pursuant to the incorporation-by-reference doctrine or Rule 201 of the Federal Rules of Evidence.[1]

## II.     ARGUMENT

### A.     On A Motion To Dismiss A Shareholder Class Action Complaint, The Court Should Evaluate Each Challenged Statement "In Light Of All Its Surrounding Text"

Plaintiffs do not dispute that the Court may consider **Exhibits 1-8** and **Exhibits 30-34** on a motion to dismiss, as such documents are either incorporated by reference or properly subject to judicial notice. *See* MTC Opp. at 4; *see, e.g.*, *City of Birmingham Ret. and Relief Sys. v. A.O. Smith Corp.*, 468 F. Supp. 3d 1048, 1051 n.1, 1056-57, 1061 (E.D. Wis. 2020) (considering and/or taking judicial notice of analyst reports, company's SEC filings and earnings call transcripts). Instead, just as with their Opposition to the Motion to Dismiss (ECF No. 52) ("MTD Opp."), Plaintiffs attempt to obscure the Complaint's weaknesses by misstating the legal standards applicable to the Court's consideration of the Motion to Dismiss. *See, e.g.*, MTD Opp. at 15 (incorrectly arguing that the Court may end its scrutiny of the Complaint if it finds that the falsity element has been met for just some alleged misstatements, or some categories of misstatements); MTC Opp at. 1, 2 (incorrectly arguing that the documents incorporated by reference or properly subject to judicial notice may not be considered if they contradict the Complaint's allegations). In their MTC Opposition, Plaintiffs argue that the Court cannot consider the Exhibits for the truth of the matters asserted therein. MTC Opp. at 2. This argument confuses the issue and Defendants' actual request for consideration.

---

[1] Although Plaintiffs oppose Defendants' Motion to Consider, Plaintiffs themselves ask the Court to consider documents outside the Complaint. Plaintiffs did not make a separate motion requesting such consideration, and did not set forth the legal grounds for such a request (in the case of Exhibits B-D), but Plaintiffs did attach such documents to the Declaration of Frank A. Richter, submitted in connection with Plaintiffs' Opposition to the Motion to Dismiss.

2

First, Defendants do not seek to prove the truth of the contents of Exhibits 1-8 and Exhibits 30-34. Instead, those Exhibits are submitted for consideration only to assist the Court in its PSLRA-mandated evaluation of whether each alleged misstatement was false or misleading in light of the statement's full context and other information that Defendants disclosed. *See, e.g.*, MTD at 19, 27, 31-32. Courts examining shareholder class action complaints routinely consider documents that are incorporated by reference or properly subject to judicial notice for that exact purpose. *See, e.g.*, *Van Noppen v. InnerWorkings, Inc.*, 136 F. Supp. 3d 922, 938 (N.D. Ill. 2015) (alleged misstatements were not misleading when read in context of the full earnings call); *A.O. Smith Corp.*, 468 F. Supp. 3d 1048, 1056-57 (considering other disclosures the company made to find that defendants did not conceal alleged channel stuffing). Indeed, as the United States Supreme Court has explained, courts examining shareholder class action complaints must evaluate whether each alleged misstatement is false or misleading "in light of all its surrounding text, including hedges, disclaimers, and apparently conflicting information." *Omnicare, Inc. v. Laborers Dist. Council Constr. Indus. Pension Fund*, 135 S. Ct. 1318, 1330 (2015). Plaintiffs' characterization of the Exhibits as "largely" irrelevant is thus inaccurate. MTC Opp. at 1-2.

Second, Plaintiffs are plainly wrong that the Court is required to accept the Complaint's allegations as true, even when they are contradicted by the documents either incorporated by reference or properly subject to judicial notice. *See* MTC Opp. at 1, 2. In fact, binding Seventh Circuit precedent directly contradicts Plaintiffs' contention. *Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1020 (7th Cir. 2013) ("To the extent that an exhibit attached to or referenced by the complaint contradicts the complaint's allegations, the exhibit takes precedence."); *see also Dufour v. Matrisch*, 2018 WL 4073337, at *2 (N.D. Ill. Aug. 27, 2018) ("Though I usually assume all the complaint's factual allegations are true, I do not have to do so when the allegations

3

contradict judicially-noticed facts."); *Garden City Emps.' Ret. Sys. v. Anixter Int'l, Inc.*, 2011 WL 1303387, at \*12 n.9 (N.D. Ill. Mar. 31, 2011) ("Plaintiffs seem to argue that on a motion to dismiss, courts cannot judicially notice any fact that contradicts an inference alleged in a plaintiff's complaint. This of course is not the law.").

Accordingly, the Court should consider Exhibits 1-8 and 30-34 to evaluate the alleged misstatements in their full context and disregard the Complaint's allegations to the extent they are inconsistent with the Exhibits.

**B.      On A Motion To Dismiss A Shareholder Class Action Complaint, Courts Can—And Do—Evaluate The Complete Information Provided In Form 4s To Weigh The Complaint's Scienter Allegations Concerning The Individual Defendants' Stock Transactions**

Plaintiffs take issue with **Exhibits 9-29**—Form 4s that the Individual Defendants filed with the SEC—which show that the Individual Defendants' stock trades were not suspicious and thus do not give rise to a strong inference of scienter. MTC Opp. at 2-4. Plaintiffs do not challenge the authenticity or accuracy of the Form 4s attached as Exhibits 9-29. *See id*. Plaintiffs instead argue that the Complaint does not *explicitly* reference the Form 4s and they are therefore not incorporated by reference, and that the Form 4s are not otherwise subject to judicial notice. *Id*. As described below, Plaintiffs' arguments are contrary to scores of shareholder class actions in which courts consider Form 4s in their evaluation of a complaint's scienter allegations.

Plaintiffs argue in their opposition to the Motion to Dismiss that the Complaint pleads a strong inference of scienter, based in part on information about Messrs. Jagdfeld and Ragen's stock trades that came from Form 4s filed with the SEC. *See* MTD Opp. at 38-40. More specifically, the Complaint makes scienter allegations based on when, how much, and at which price Messrs. Jagdfeld and Ragen sold Generac stock. ¶¶ 273-274. Form 4s filed with the SEC are the only source for such allegations, and it is no matter that Plaintiffs cleverly avoid explicitly referencing

4

them in the Complaint. *See Fryman v. Atlas Fin. Holdings, Inc.*, 462 F. Supp. 3d 888, 895 (N.D. Ill. 2020) ("because the only source of insider trading data available to plaintiffs when drafting complaints is the Forms 3, 4, and 5 filed with the SEC, the Court can safely assume that the Forms 4 filed by the Individual Defendants during the class period were the source" of those allegations (quoting *Garden City Emps.' Ret. Sys.*, 2011 WL 1303387, at \*10)); *Hampton v. Aqua Metals, Inc.*, 2020 WL 6710096, at \*4 (N.D. Cal. Nov. 16, 2020) ("While the SAC does not reference the Form 4's specifically, they necessarily form the basis for Plaintiffs' allegations regarding [individual defendants'] stock sales because they are the only public source for the allegations concerning the sale dates, number of shares sold, and price per share, all of which come directly from those Form 4's.").

It should not escape notice that Plaintiffs effectively urge the Court to only ***selectively*** consider information taken from Form 4s—when, how much, and at which price Messrs. Jagdfeld and Ragen traded Generac shares. To obscure the weakness of the Complaint's scienter allegations, Plaintiffs prefer that the Court ignore the complete Form 4s. This is because those source documents demonstrate that Plaintiffs cannot carry their burden to plead that Messrs. Jagdfeld and Ragen's stock sales were suspicious in timing or amount. *See* MTD at 37-39. Having relied on Form 4s, Plaintiffs cannot complain that the Court may consider the same sources on a motion to dismiss. *In re Infonet Services Corp. Sec. Litig.*, 310 F. Supp. 2d 1106, 1116 n.10 (C.D. Cal. 2003) ("As Plaintiffs rely heavily on such analysts' reports to state their claims, they 'can hardly complain when [Movants] refer to the same information in their defense.'"). Indeed, as Plaintiffs' own cited authority confirms, the incorporation-by-reference doctrine "prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those

very documents that weaken—or doom—their claims." *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F. 3d 988, 1002 (9th Cir. 2018); MTC Opp. at 2.

As such, the Court should find that Form 4s are incorporated by reference and consider them in their entirety when weighing the inferences of scienter, just as courts across the country have done in the exact some context. *See W. Pa. Elec. Emps. Pension Trust v. Plexus Corp.*, 2009 WL 604276, at \*5 (E.D. Wis. Mar. 6, 2009) (considering Form 4s when weighing scienter allegations); *Fryman*, 462 F. Supp. 3d 894-95, 903-04 (same); *Alaska Elec. Pension Fund v. Asar*, 768 F.App'x 175, 182 (5th Cir. 2019) ("Looking to Forms 4 also seems congruent with the requirement that we consider plausible nonculpable explanations for the defendants' conduct."); *Institutional Inv. Grp. v. Avaya, Inc.*, 564 F.3d 242, 279 & n.57 (3d Cir. 2009); *Emerson v. Genocea Biosciences, Inc.*, 353 F. Supp. 3d 28, 42 (D. Mass. 2018); *In re DraftKings Inc. Sec. Litig.*, 650 F. Supp. 3d 120, 173 (S.D.N.Y. 2023); *In re Huntington Bancshares Inc. Sec. Litig.*, 674 F. Supp. 2d 951, 969 (S.D. Ohio, 2009); *In re 3M Company Sec. Litig.*, 2021 WL 4482987, at \*18 (D. Minn. Sept. 30, 2021); *In re Fastly, Inc. Sec. Litig.*, 2021 WL 5494249, at \*8, \*17-18 (N.D. Cal. Nov. 23, 2021); *City of Pontiac Gen. Emps. Ret. Sys. v. First Solar Inc.*, 2023 WL 155861, at \*8 n.4 (D. Ariz. Jan. 11, 2023); *City of Hollywood Police Offs.' Ret. Sys. v. Citrix Sys., Inc.*, 2023 WL 5972062, at \*3 (S.D. Fla. Aug. 8, 2023) (denying motion for reconsideration and confirming court did not err in considering defendants' Form 4s).[2]

---

[2] The arguments in Plaintiffs' MTC Opposition regarding inferences the Court may draw from Form 4s are really about the sufficiency of the Complaint's scienter allegations, not about whether the Court may consider Form 4s on a motion to dismiss. *See* MTC Opp. at 3. In any event, as explained in Defendants' Motion to Dismiss and supporting reply brief, the Complaint's stock sales allegations do not raise a strong inference of scienter. MTD at 37-39; MTD Reply at 15-18.

6

## III.   CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court consider and/or take notice of each of the Exhibits in connection with the Court's decision on Defendants' Motion to Dismiss.

Dated:  January 31, 2024                                    Respectfully submitted,


By: */s/ Glenn K. Vanzura*
Glenn K. Vanzura
Jacqueline M. Vallette
**MAYER BROWN LLP**
333 S. Grand Avenue, 47th Floor
Los Angeles, CA 90071
(213) 229-9500
gvanzura@mayerbrown.com
jvallette@mayerbrown.com

Joseph De Simone
**MAYER BROWN LLP**
1221 Avenue of the Americas
New York, New York 10020
(212) 506-2559
jdesimone@mayerbrown.com

Andrew J. Spadafora
**MAYER BROWN LLP**
1999 K Street NW
Washington, DC 20006
(202) 263-3043
aspadafora@mayerbrown.com

*Counsel for Defendants Generac Holdings Inc.,*
*Aaron Jagdfeld, and York A. Ragen*