# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WISCONSIN

---

OAKLAND COUNTY VOLUNTARY
EMPLOYEES' BENEFICIARY
ASSOCIATION, et al., Individually and on
Behalf of All Others Similarly Situated,

                    Plaintiff,

    vs.

GENERAC HOLDINGS INC., et al.,

                 Defendants.

Civil No. 2:22-cv-01436-bhl (Consolidated
with Civil No. 2:23-cv-00081-bhl)

<u>CLASS ACTION</u>

---

## PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY

---

Pursuant to Civil L.R. 7(k), Plaintiffs respectfully submit *Macquarie Infrastructure Corp. v. Moab Partners, L.P.*, 601 U.S. --- , 2024 WL 1588706 (U.S. April 12, 2024), attached hereto as Exhibit A, as relevant to pages 29-30 of Plaintiffs' Opposition Brief (ECF 52).

Moreover, Plaintiffs respectfully submit that the "extraordinary circumstances" of this decision warrant brief comment. *See* Civil L.R. 7(k) (committee comment). More specifically, Plaintiffs' Consolidated Complaint (ECF 42, the "Complaint") alleges violations of §§10(b) and 20(a) of the Securities Exchange Act of 1934, and SEC Rule 10b-5 based upon (1) numerous statements Plaintiffs alleged were false and misleading for failing to disclose material information (*see, e.g.*, Complaint, ¶¶108-171), (2) the omission of information required by Items 303 and 105 of SEC Regulation S-K (*id.*, ¶¶173-179), and (3) the understatement of reported warranty reserves balances in violation of GAAP (*id.*, ¶¶180-191). Defendants moved to dismiss all three grounds. *See* ECF 48 at 13-33. With regard to the omission of information required by Items 303 and 105, the parties submitted competing authorities as to whether such allegations could form the basis for a §10(b) claim, with Plaintiffs citing several District Court cases from within the Seventh Circuit finding that they can. *See* ECF 52 at 29-30. However, after all briefs were filed, the U.S. Supreme Court decided *Macquarie* and held that "private parties remain free to bring claims based on Item 303 violations that create misleading half-truths," but "pure omissions" under Item 303 are not actionable. *See* Ex. A at *4-*6. Thus, the limited portion of Plaintiffs' claims based on pure omissions in violation of Items 303 or 105 are hereby withdrawn and/or Plaintiffs do not object to Defendants' motion to dismiss on those grounds (ECF 48 at 30-32).

The decision does not impact Plaintiffs' claims based upon the misleading statements and understatement of reserves in violation of GAAP, as the Court affirmed that "half-truths" give rise to §10(b) liability, which "requires disclosure of information necessary to ensure that statements already made are ***clear and complete***." Ex. A at *4 (emphasis added).

4894-1261-7143.v1

DATED:  April 18, 2024

ROBBINS GELLER RUDMAN
  & DOWD LLP
JAMES E. BARZ
FRANK A. RICHTER
MICHAEL J. STRAMAGLIA


s/ James E. Barz
JAMES E. BARZ

200 South Wacker Drive, 31st Floor
Chicago, IL  60606
Telephone:  630/696-4107
jbarz@rgrdlaw.com
frichter@rgrdlaw.com
mstramaglia@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
DARREN J. ROBBINS
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
darrenr@rgrdlaw.com

Lead Counsel for Plaintiffs

ADEMI LLP
GURI ADEMI
JESSE FRUCHTER
JOHN D. BLYTHIN
3620 East Layton Avenue
Cudahy, WI  53110
Telephone:  414/482-8000
414/482-8001 (fax)
gademi@ademilaw.com
jfruchter@ademilaw.com
jblythin@ademilaw.com

- 2 -

ATOLLES LAW, S.C.
K. SCOTT WAGNER
222 E Erie Street, Suite 210
Milwaukee, Wisconsin  53202
Telephone:  414/644-0391
414/278-7590 (fax)
swagner@atolles.com

Local Counsel

KLAUSNER, KAUFMAN, JENSEN
   & LEVINSON
ROBERT D. KLAUSNER
7080 NW 4th Street
Plantation, FL  33317
Telephone:  954/916-1202
954/916-1232 (fax)
bob@robertdklausner.com

Additional Counsel for Plaintiffs

- 3 -