## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN

OAKLAND COUNTY VOLUNTARY EMPLOYEES BENEFICIARY ASSOCIATION, et al.,

        Plaintiffs,

    v.

GENERAC HOLDINGS INC., AARON JAGDFELD, and YORK A. RAGEN,

        Defendants.

Case No. 2:22-cv-01436-BHL

(Consolidated with Civil No. 2:23-cv-00081-BHL)

<u>CLASS ACTION</u>

## <u>MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO CONSIDER DOCUMENTS UNDER THE INCORPORATION-BY-REFERENCE DOCTRINE OR BY JUDICIAL NOTICE</u>

## I.   PRELIMINARY STATEMENT

In granting Defendants' Motion to Dismiss the Consolidated Complaint, this Court previously considered documents that were either judicially noticeable or incorporated in the complaint by reference. *See* ECF 63 at 4 n.2. Defendants Generac Holdings Inc. ("Generac"), Aaron Jagdfeld, and York A. Ragen (together, "Defendants") respectfully request that the Court consider the same types of documents in connection with Defendants' Motion to Dismiss the Amended Consolidated Complaint (the "Motion to Dismiss the SAC").

The Exhibits are attached to the Declaration of Jacqueline Vallette (the "Exhibits") in support of Defendants' Motion to Dismiss the SAC. They comprise periodic financial reports filed by Generac with the U.S. Securities and Exchange Commission ("SEC") (Exhibits 4-5, 13), transcripts of Generac earnings calls (Exhibits 2-3, 6, 14), a press release by Generac (Exhibit 12), an Investor Day presentation by Generac (Exhibit 1); and analyst reports (Exhibits 7-11).

## II.   LEGAL STANDARDS

In ruling on a motion to dismiss, courts "must consider the complaint in its entirety, as well as . . . documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rts, Ltd.*, 551 U.S. 308, 322 (2007). Considering such documents does not require the Court to "convert[] motion to dismiss into a motion for summary judgment." *Menominee Indian Tribe v. Thompson*, 161 F.3d 449, 456 (7th Cir. 1998).

First, the incorporation-by-reference doctrine "prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Martinez v. Albertson's LLC*, 2025 WL 1111508, at *2 (C.D. Cal. Mar. 25, 2025). Under the doctrine, courts may consider documents that are not attached

1

to the complaint but that are (1) referenced in the complaint; (2) concededly authentic; and (3) central to the plaintiffs' claims. *Fin. Fiduciaries, LLC v. Gannett Co., Inc.*, 46 F.4th 654, 663 (7th Cir. 2022). "In effect, the incorporation-by-reference doctrine provides that if a plaintiff mentions a document in his complaint, the defendant may then submit the document to the court without converting defendant's 12(b)(6) motion to a motion for summary judgment." *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012). The doctrine safeguards against a plaintiff "evad[ing] dismissal under Rule 12(b)(6) simply by failing to attach to his complaint a document that prove[s] his claim has no merit." *Id.* (quoting *Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002)).

Second, under Rule 201 of the Federal Rules of Evidence, courts may judicially notice facts that are not subject to reasonable dispute because they can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b). As such, courts may take judicial notice of public records, including filings made with the SEC, for the purpose of determining what statements they contain. *In re Guidant Corp. Sec. Litig.*, 536 F. Supp. 2d 913, 921 (S.D. Ind. 2008); *see also In re Supreme Indus., Inc. Sec. Litig.*, 2019 WL 1436022, at *2 (N.D. Ind. Mar. 29, 2019) (taking judicial notice of SEC filings); *City of Birmingham Ret. and Relief Sys. v. A.O. Smith Corp.*, 468 F. Supp. 3d 1048, 1051 n.1, 1056-57, 1061 (E.D. Wis. 2020) (considering and/or taking judicial notice of analyst reports, company's SEC filings and earnings call transcripts).

To the extent documents that are incorporated by reference or that are judicially noticeable contradict the allegations in the Amended Consolidated Complaint (the "SAC"), the Court may disregard such allegations. *Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1020 (7th Cir. 2013) ("To the extent that an exhibit attached to or referenced by the complaint contradicts the

2

complaint's allegations, the exhibit takes precedence."); *Dufour v. Matrisch*, 2018 WL 4073337, at *2 (N.D. Ill. Aug. 27, 2018) ("Though I usually assume all the complaint's factual allegations are true, I do not have to do so when the allegations contradict judicially-noticed facts."); *Garden City Emps.' Ret. Sys. v. Anixter Int'l, Inc.*, 2011 WL 1303387, at *12 n.9 (N.D. Ill. Mar. 31, 2011) ("Plaintiffs seem to argue that on a motion to dismiss, courts cannot judicially notice any fact that contradicts an inference alleged in a plaintiff's complaint. This of course is not the law.").

### III. ALL EXHIBITS ARE INCORPORATED BY REFERENCE OR JUDICIALLY NOTICEABLE.

#### A. Exhibits 1-13 Are Incorporated By Reference In The SAC.

The Court may consider all Exhibits, other than Exhibit 14[1], under the incorporation-by-reference doctrine because they are each referenced in the SAC and are central to Plaintiffs' claims.

First, with respect to Exhibits 1-13, the SAC alleges that Defendants made misstatements and corrective disclosures, and expressly alleges that those statements and disclosures were made in certain specific corporate SEC filings, earnings calls, press releases, and analyst reports. *See, e.g.*, ¶¶ 71 (referencing Ex. 2); 98 (referencing Ex. 5), 138 (referencing Ex. 6), 132 (referencing Ex. 3), 176-79 (referencing Ex. 13), 168-69 (referencing Ex. 13), 141 (referencing Ex. 7), 142 (referencing Ex. 8), 144-48 (referencing Ex. 9), 162 (referencing Ex. 10), 166 (referencing Ex. 11).[2] Likewise, Plaintiffs explicitly rely on a graphic (even copying it into the SAC) from Exhibit 1 to claim that close rates were declining during the Class Period (¶¶ 54-55)—the very premise of the SAC's assertion that Defendants' statements were misleading. Further, Plaintiffs previously filed the same two pages of the investor presentation as an exhibit to their Opposition to

---

[1] Exhibit 1 is discussed *infra* at Section III.B addressing judicially noticeable documents. The Court previously took judicial notice of the same document. *See* ECF 63 at 4 n.2.
[2] Paragraph citations are to the SAC by paragraph number.

3

Defendants' Motion to Dismiss the Consolidated Complaint. *See* ECF No. 52; ECF No. 53-1. Defendants only request that the Court take judicial notice of the two pages of the investor presentation that are already part of the record for this case. *See Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1081 (7th Cir. 1997) (citing 5A Wright & Miller § 1357, at 299) (courts may take judicial notice of "items appearing in the record of the case").

Second, the Court should consider these documents when conducting its PSLRA-mandated evaluation of whether each alleged misstatement was false or misleading in light of the statement's full context and other information that Defendants disclosed and whether each alleged misstatement was actually corrected and caused Plaintiffs' alleged losses. *See A.O. Smith Corp.*, 468 F. Supp. 3d at 1056-57, 1061 (considering company's SEC filing and earnings call transcripts when analyzing what disclosures the company made); *Van Noppen v. InnerWorkings, Inc.*, 136 F. Supp. 3d 922, 938 (N.D. Ill. 2015) (alleged misstatements were not misleading when read in context of the full earnings call); *Fryman*, 462 F. Supp. 3d at 894 (considering SEC filings, press releases, and conference call transcripts); *see also Omnicare, Inc. v. Laborers Dist. Council Constr. Indus. Pension Fund*, 575 U.S. 175, 190 (2015) (courts examining shareholder class action complaints must evaluate whether each alleged misstatement is false or misleading "in light of all its surrounding text, including hedges, disclaimers, and apparently conflicting information"); *Wright v. Associated Ins. Companies Inc.*, 29 F.3d 1244, 1248 (7th Cir. 1994) (a court may take judicial notice of documents "referred to in the plaintiff's complaint").

Finally, Plaintiffs cannot reasonably dispute the authenticity of these Exhibits since they cite these documents in the SAC. *See Mueller v. Apple Leisure Corp.*, 880 F.3d 890, 895 (7th Cir. 2018) (finding that the district court did not abuse its discretion when considering a document

4

attached to the defendant's motion to dismiss under the incorporation-by-refence doctrine where the plaintiff did not contest the document's authenticity).

For these reasons, the Court should consider Exhibits 1-13, in connection with Defendants' Motion to Dismiss the SAC.

### B.   All Exhibits Are Judicially Noticeable.

Additionally, the Court may consider all Exhibits because they are judicially noticeable matters of public record. The Court previously took judicial notice of Exhibit 14, Generac's 2022 annual Form 10-K, filed with the SEC on February 22, 2023. *See* ECF 63 at 4 n.2. The Court's decision to do so is consistent with the practice of other district courts, who routinely take judicial notice of SEC filings, conference call transcripts, press releases, and analyst reports in connection with the courts' consideration of motions to dismiss in shareholder class actions. *E.g.*, *Boeing*, 2023 WL 6065260, at *3 n.1 (taking judicial notice of an SEC filing because it is a matter of public record, its authenticity has not been challenged, its existence is not subject to reasonable dispute, and its accuracy cannot be reasonably questioned); *Waterford Twp. Police v. Mattel, Inc.*, 321 F. Supp. 3d 1133, 1143 (C.D. Cal. 2018) (SEC filings, press releases, conference call transcripts, analyst reports); *see also U.S. Sec. and Exch. Comm'n v. Ustian*, 229 F. Supp. 3d 739, 761 (N.D. Ill. 2017) (analyst reports).

## IV.   CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court consider all of the Exhibits in connection with its decision on Defendants' Motion to Dismiss the SAC.

5

Dated:  April 30, 2025                    Respectfully submitted,


By: _____
Glenn K. Vanzura
**WILLKIE FARR & GALLAGHER LLP**
2029 Century Park East, Suite 2900
Los Angeles, CA 90067
(310) 855-3000
gvanzura@willkie.com


By: _____
Jacqueline M. Vallette
**MAYER BROWN LLP**
333 S. Grand Avenue, 47th Floor
Los Angeles, CA 90071
(213) 229-9500
jvallette@mayerbrown.com

Joseph De Simone
**MAYER BROWN LLP**
1221 Avenue of the Americas
New York, New York 10020
(212) 506-2559
jdesimone@mayerbrown.com

Andrew J. Spadafora
**MAYER BROWN LLP**
1999 K Street NW
Washington, DC 20006
(202) 263-3043
aspadafora@mayerbrown.com

*Counsel for Defendants Generac Holdings Inc.,*
*Aaron Jagdfeld, and York A. Ragen*